Arthur JOHNSON, Appellant,

v.

HARRIS COUNTY, Tommy Thomas, et al., Appellees.

No. 14–03–00992–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 19, 2004.

Arthur Johnson, pro se.

George A. Nachtigall, for Harris County, Tommy Thomas, et al.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## MEMORANDUM OPINION

PER CURIAM.

This is an appeal from a judgment signed July 21, 2003. No clerk's record has been filed. The clerk responsible for preparing the record in this appeal in-formed the court appellant did not make arrangements to pay for the record.

On December 15, 2003, notification was transmitted to all parties of the Court's intent to dismiss the appeal for want of prosecution unless, within fifteen days, appellant paid or made arrangements to pay for the record and provided this court with proof of payment. See TEX.R.APP. P. 37.3(b).

Appellant's response to our notice of intent to dismiss reveals either that appellant is misleading this court regarding the attachment of affidavits of indigence and certificates of service to documents, or that appellant is merely re-filing the same certificates of service and affidavits on multiple documents filed in the trial court.

Attached to appellant's response is a copy of a certificate of service and "Affidavit of Inability on Appeal" dated May 30, 2003. It is unclear whether this certificate and affidavit are intended to be part of the response. If this certificate and affidavit are separate and intended to be an exhibit, there is no statement advising the court when this certificate and affidavit were allegedly filed and to which document they were originally attached. Exhibit A to the response is a document filed on April 22, 2003, and entitled, "Original Copy Trancript [sic] Copy To: Courts of Appeal *Notice of Appeal Designation of Record on Appeal." On the last page of this document is a certificate of service, signed by appellant, but not dated. This last page has a Bates stamp number of 11. The next page, which is not obviously part of the document is an affidavit by appellant, dated May 2, 2003, and file-stamped on May 12, 2003, a date more than 3 weeks after the filing date of the document to which it is attached. Moreover, the affidavit bears a Bate stamp number of 5. The previous page has a Bates stamp number

of 11. Accordingly, although appellant has attached this affidavit to the document filed April 22, 2003, the affidavit dated May 2, 2003, could not have been originally attached to the document. The next page is a copy of another certificate of service and "Affidavit of Inability on Appeal," dated May 30, 2003. This page bears a Bates stamp number of 4. Accordingly, this certificate and affidavit were likewise not originally attached to the document.

Exhibit B to appellant's response is a copy of a petition for writ of mandamus appellant filed in this court on November 25, 2003. Attached to this petition are several documents, including a document entitled, "Plaintiff's Motion to Set Aside all Order's [sic] and Motion to Reinstate Cause or in the Alternative Notice of Appeal to the Clerk." This document is file-stamped July 25, 2003. At the bottom of the title page is a signature and certificate of service, dated May 30, 2003, that are exact duplicates of the signature and certificate of service attached to document in Exhibit A.

The next document included in Exhibit B is a document, entitled "Motion to Set Aside Orders–7/21/2003 and Motion for Rehearing on Motion–to–Dismiss, Not–Served on-Plaintiff-and/or Motion to Reinstate and Set Aside Order or Motion for New Trial-or in the Alternative Notice of Appeal-if Prior Motions–Denied." This document bears two file stamps, both in July 2003, only one of which is legible and reads July 25, 2003. This motion contains several attachments, including a certificate of service and "Affidavit of Inability on Appeal," both signed May 30, 2003. This certificate and affidavit are exact duplicates of the certificate and affidavit allegedly attached to the document in Exhibit A.

Because we are unable to determine that appellant failed to file an affidavit of indi-gence with his notice of appeal, we turn to the substance of the affidavit appellant allegedly filed. This affidavit does not meet the requirements of Rule 20.1(b). In civil cases, an affidavit of indigence must include the party's name and the amount of costs the party can pay, if any. TEX. R.APP. P. 20.1(b). The affidavit must also include the following:

(1) the nature and amount of the party's current employment income, govern-ment-entitlement income, and other in-come;

(2) the income of the party's spouse and whether that income is available to the party;

(3) real and personal property the party owns;

(4) Cash the party holds and amounts on deposit that the party may withdraw;

(5) the party's other assets;

(6) the number and relationship to the party of any dependents;

(7) the nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay or advance court costs.

TEX.R.APP. P. 20.1(b). The affidavit merely states that he is unable to pay costs. The next page, which is not sworn or dated, lists the 11 items from Rule 20.1(b) and answers each in the negative. However, these items are not part of the affidavit of indigence. Accordingly, the affidavit is in-sufficient. Because appellant failed to file a proper affidavit of indigence, we find no merit to appellant's response to our notice of intent to dismiss.

Accordingly, the appeal is ordered dismissed.