**Robert Lee HOOD, Petitioner,**

v.

**WAL–MART STORES, INC., Respondent.**

No. 05–0902.

Supreme Court of Texas.

Feb. 23, 2007.

---

Robert Lee Hood, Huntsville, petitioner pro se.

Bevan Ashley Brooks, Ramona Martinez, Gregory J. Lensing, Cowles & Thompson, P.C., Dallas, for respondent.

PER CURIAM.

Appearing pro se, Robert Lee Hood brought an assault and battery action against Wal–Mart Stores, Inc., and two Wal–Mart employees. Hood alleged that multiple Wal–Mart employees assaulted him by grabbing his arm as he attempted to exit the store with a television set. Wal–Mart filed a summary judgment motion, arguing that the two-year statute of limitations barred Hood's claim. The trial court granted Wal–Mart's motion. When Hood filed his timely notice of appeal in the court of appeals, he failed to pay the filing fee and had not yet filed an affidavit of indigence. Upon receiving his appellate brief, the court of appeals notified Hood that his fee was past due and granted an additional ten days to pay. Hood did not pay the fee, but he filed his affidavit of indigence with the court of appeals within the ten day window. The court of appeals responded by notifying him that the affidavit was untimely and that his failure to pay the fee after a second extension of time would result in the dismissal of his appeal.

Ultimately, the court of appeals denied Hood's motion to proceed in forma pauperis under Texas Rule of Appellate Procedure 20.1(c)(1), which requires the petitioner to file an affidavit of indigence with or before his notice of appeal. The court of appeals dismissed Hood's appeal for want of prosecution and never reached the merits of the case. We hold that the court of appeals erred in dismissing Hood's appeal.

Shortly after the court of appeals dismissed Hood's appeal, we decided a case with strikingly similar facts. In *Higgins v. Randall County Sheriff's Office*, a pro se defendant filed an appeal without paying the filing fee or submitting an affidavit of indigence. 193 S.W.3d 898, 899 (Tex.2006). Although Higgins, like Hood, filed an affidavit of indigence within the ten days he was given to pay the fee, the court of appeals dismissed his case. *Id.* We reversed, explaining that under Texas Rule of Appellate Procedure 44.3, a court of appeals may not dismiss an action due to a formal defect or irregularity without first allowing the petitioner reasonable time to cure the error. *Id.*

In accord with *Higgins,* we hold that Hood's affidavit discharged the filing fee requirement unless a contest to it is sustained. Thus, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment, and remand to that court for further proceedings consistent with this opinion. *See* Tex. R. App. P. 59.1.