IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00016-CV

 

In the
Interest of T.R., a Child,

                                                                                    

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-002507-CV-361

 



MEMORANDUM  Opinion



 

            Appellant Cassandra Robinson appeals
the termination of her parental rights.  In the trial court and on appeal, she
has been represented by retained counsel.  No affidavit of indigence has been
filed with us or with the trial court.

The Clerk of this Court notified Appellant by
letter dated March 29, 2007 that the original filing fee of $125.00 had not
been paid and that if the fee was not paid within ten days, the appeal would be
presented to the Court for dismissal.  The Clerk’s March 29 letter stated
specifically:

The original filing fee in the amount of $125.00
is PAST DUE.  On January 24, 2007, the clerk of this court notified
Appellant to pay the filing fee or the matter would be referred to the Court.  See
Tex. R. App. P. 5; Appendix to Tex. R. App. P., Order Regarding Fees
(July 21, 1998), see also Tex. Gov’t
Code Ann. § 51.207(b) (Vernon Supp. 2004), § 51.901 (Vernon Supp.
2004).  There has been no response to our request.

Unless Appellant obtained indigent status for
purposes of appeal under Texas Rule of Appellate Procedure 20, the payment of
the filing fee is required.

If the fee is not paid within ten days from the
date of this letter, this cause will be presented to the Court for dismissal of
this appeal in accordance with Tex. R. App. P. 42.3(c). 

Fees may be paid by check or money order, payable
to the “Tenth Court of Appeals”.

 

More than ten days have passed since the March 29
letter (and more than three months have passed since the Clerk’s initial fee letter),
and we have received no notice of Robinson’s compliance with the Clerk’s
directive.  Accordingly, the appeal is dismissed.  See Tex. R. App. P. 42.3(c); 10th Tex. App. (Waco) Loc. R. 5(c).

Absent a specific exemption, the Clerk of the
Court must collect filing fees at the time a document is presented for filing. 
Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998); see
also Tex. R. App. P. 5; 10th Tex. App. (Waco) Loc. R. 5(a); Tex. Gov’t Code Ann. §§ 51.207(b),
51.901 (Vernon Supp. 2005).  Under the circumstances of this case, we suspend
the rule and order the Clerk to write off all unpaid filing fees in this case. 
Tex. R. App. P. 2.

Reply to Dissent

The dissent misunderstands Higgins v. Randall
County Sheriff’s Office, 193 S.W.3d 898, 899 (Tex. 2006).[1] 
As result, it misapplies Higgins to the facts of this case.  Higgins
is limited to the situation where an appellant files an indigence affidavit
within the reasonable time allotted by the appeals court to pay the past-due
filing fee.[2]  Higgins
didn’t amend rule 20.1(c)(1) by judicial opinion; an indigence affidavit must still
be filed in the trial court with or before the notice of appeal.  See Tex. R. App. P. 20.1(c).  Higgins
merely applied another rule (rule 44.3) and established case law (In re
J.W., 52 S.W.3d 730, 733 (Tex. 2001)) to a rare situation.  When an appeals
court receives a copy of the notice of appeal without an indigence affidavit, the
court should, unless clearly indicated otherwise, continue to presume that the
appellant is not indigent and seek payment of the filing fee within a reasonable
time.  See Tex. R. App. P.
12.1(b) (providing that appellate clerk “must . . . collect any filing fee”).

Unlike the appellants in Higgins and Hood,
Robinson has retained counsel and was not indigent in the trial court.  Further
unlike the appellants in Higgins and Hood, Robinson has not timely
filed an indigence affidavit in response to the Clerk’s past-due fee letter;
indeed, Robinson has not responded to the Clerk’s various deficiency letters or
to the Intervenors’ motion to dismiss.  And unlike the dissent, we do not
presume that any competent attorney would conclude that our Clerk’s March 29
letter supersedes the supreme court’s rulings in Higgins and Hood
and that Robinson was foreclosed from filing an indigence affidavit.  Instead,
given the other defects and irregularities in this appeal,[3]
the accurate presumption is that Robinson is not interested in pursuing her
appeal.

            

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Appeal
dismissed

Opinion
delivered and filed May 9, 2007

[CV06]









[1]               In Higgins, the pro se
appellant did not file either a filing fee or an indigence affidavit with his
notice of appeal.  See Higgins v. Randall County Sheriff’s Office,
193 S.W.3d 898, 899 (Tex. 2006).  The appellate court warned Higgins that,
unless he paid the filing fee within ten days, his appeal would be dismissed.  Id.  Nine days later, Higgins filed an indigence affidavit, but the appellate court
dismissed the appeal because the affidavit was untimely and was unaccompanied
by a motion to extend time.  Id.; see Tex. R. App. P. 20.1(c) (providing that appellant must file
indigence affidavit in trial court with or before notice of appeal).  The
supreme court, citing Rule of Appellate Procedure 25.1(b) and In re J.W.,
52 S.W.3d 730, 733 (Tex. 2001), pointed out that an indigence affidavit has not
been a jurisdictional requirement for some time, and ruled that Higgins’s
failure to file an indigence affidavit (or, by implication, to pay the filing
fee) was like any other formal defect in appellate procedure—“the court of
appeals could dismiss the appeal only after allowing Higgins a reasonable time
to correct this defect.”  Higgins, 193 S.W.3d at 899 (citing Tex. R. App. P. 44.3).  Because Higgins
corrected the defect within the allotted time, the court of appeals erred in
dismissing the appeal.  Id. at 900; see also Hood v. Wal-Mart Stores,
Inc., 216 S.W.3d 829 (Tex. 2007) (holding that appellate court erred in
dismissing appeal over pro se appellant’s failure to file indigence affidavit
with notice of appeal, yet it was filed within 10-day window for paying filing
fee).

 





[2]               Had the appellants in Higgins
and Hood not filed their indigence affidavits within the reasonable
amount of time allotted by the courts of appeals, the dismissals would not have
been erroneous.





[3]               Dismissal of this appeal is not
premature, as other circumstances indicate.  For example, Robinson has not
requested the reporter’s record nor made arrangements to pay for it, despite a
letter from the Clerk bringing this deficiency to Robinson’s attention.  See
Tex. R. App. P. 34.6(b)(1);
37.3(a)(1).  Robinson has not served copies of her notice of appeal on all
parties and has not notified the Court who the correct parties are to this
appeal.  See Tex. R. App. P.
25.1(d), (e).  And Robinson has not filed a docketing statement, which she has
been notified is past due.  See Tex.
R. App. P. 32.1.








ite, 21 S.W.3d at 646-47. We will set aside the
court’s ruling only if it “lies outside the zone of reasonable disagreement.” Id.
Impeachment Value
      A crime involving deception has a higher impeachment value than a crime involving violence. 
Theus, 845 S.W.2d at 881; Jackson, 50 S.W.3d at 592; White, 21 S.W.3d at 647. Crimes
involving violence tend to be more prejudicial. Theus, 845 S.W.2d at 881; Jackson, 50 S.W.3d
at 592. The Court in Theus noted that, in cases in which the impeachment value of the prior
conviction is uncertain, evidence regarding the facts of the prior conviction can be considered by
the court in determining whether the prior conviction should be admitted. See 845 S.W.2d at 881-82.
      Smith’s conviction for possession of methamphetamine does not necessarily involve deception. 
Cf. U.S. v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977) (conviction for smuggling narcotics “has
more probative value on credibility than, for example, a conviction for mere narcotics
possession”); but see British Am. Ins. Co. v. Coffman, 574 S.W.2d 873, 873 (Tex. Civ.
App.—Texarkana 1978, no writ) (“Possession of heroin is a crime involving moral turpitude.”). 
The State offered no evidence in the hearing outside the presence of the jury regarding the facts
of the prior conviction. Cf. Theus, 845 S.W.2d at 882 (trial court should have considered facts
surrounding prior conviction in determining its admissibility). Based on the limited record before
us, we hold that this factor weighs against admissibility. See Jackson, 50 S.W.3d at 592.
Temporal Proximity
      Rule 609(b) renders a prior conviction presumptively inadmissible if it is one for which the
witness had been released from custody more than ten years before trial.


 Tex. R. Evid. 609(b);
Jackson, 50 S.W.3d at 591; Butler v. State, 890 S.W.2d 950, 954 (Tex. App.—Waco 1995, pet.
ref’d). However, a trial court may nevertheless admit a conviction deemed too remote under this
rule if the court determines that, under the “specific facts and circumstances,” the probative value
of the conviction substantially outweighs its prejudicial effect. Id.
      The impeachment value of a “remote” prior felony conviction increases if the State offers
“[e]vidence of the lack of reformation or subsequent felony and certain misdemeanor convictions.” 
See Lucas v. State, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989); Jackson, 50 S.W.3d at 591.
      The State introduced evidence in the hearing outside the presence of the jury that Smith had
misdemeanor DWI convictions in 1983, 1985, and 1992, and a felony DWI conviction in 2001.


 
This constitutes “[e]vidence of . . . lack of reformation [and of a] subsequent felony . . .
conviction[ ].” Accordingly, we hold that the facts and circumstances presented in this case tend
to support the trial court’s determination that the probative value of the 1981 conviction
substantially outweighs its prejudicial effect.
Similarity to Charged Offense
      The fact that a prior conviction is similar to the present offense weighs against its admissibility
because the similarity might lead a jury to “convict on the perception of a past pattern of conduct,
instead of on the facts of the charged offense.” Theus, 845 S.W.2d at 881; accord Jackson, 50
S.W.3d at 593. In Smith’s case, the 1981 conviction was for possession of methamphetamine. 
He was on trial for felony DWI. Thus, both are similar in that they involve an allegation of
substance abuse. Accordingly, this factor weighs against the admissibility of the prior conviction.
Importance of Defendant’s Testimony/Credibility
      Appellant concedes that these factors favor admissibility.
Conclusion
      We must accord the trial court “wide discretion” in determining whether to admit a prior
conviction for impeachment under Rule 609. Theus, 845 S.W.2d at 881; White, 21 S.W.3d at
646-47. Three of the five factors weigh in favor of admissibility. Two weigh against. Under
these circumstances, we cannot say that the court’s decision “lies outside the zone of reasonable
disagreement.” See id. Accordingly, we overrule Smith’s sole point.
      We affirm the judgment.

                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 1, 2003
Do not publish
[CR25]