**Michael David SPRINGER, Petitioner,**

v.

**Lisa Fergason SPRINGER, Respondent.**

No. 06–0382.

Supreme Court of Texas.

Nov. 2, 2007.

applies to something other than a claim for

Michael David Springer, pro se.

Patrick Gordon Barkman, Cleburne, for respondent.

Rafael Edward Cruz, Anthony G. Brocato Jr., Marjolyn Carol Gardner, Office of the Attorney General, Law Enforcement Defense Division, Austin, for other interested party.

PER CURIAM.

Michael Springer's wife filed for divorce while he was incarcerated and Springer sought to appeal the resulting judgment dividing marital property. Springer timely filed a notice of appeal, but did not pay the filing fee or file an affidavit of indigence "with or before" the notice as Texas Rule of Appellate Procedure 20.1(c)(1) requires. One month after

conversion.

filing his notice of appeal, Springer filed an affidavit of indigence. Two months later, the court of appeals notified Springer that his filing fee was past due and his case would be dismissed if the fee was not paid within ten days. Springer did not pay the fee. The court of appeals dismissed Springer's appeal for failure to pay the fee or file an affidavit of indigence "with or before" the notice of appeal. We hold that the court of appeals erred in dismissing Springer's appeal.

■ We recently decided two cases similar to the one presented. In *Higgins v. Randall County Sheriff's Office*, the court of appeals dismissed an inmate's appeal for failure to file an affidavit of indigence "with or before" the notice of appeal, although the affidavit was filed within the ten days the court of appeals' order allowed to correct the error by paying the fee. 193 S.W.3d 898, 899–900 (Tex.2006). Similarly, in *Hood v. Wal–Mart Stores, Inc.*, the court of appeals dismissed an appeal when the appellant filed an affidavit of indigence not "with or before" the notice of appeal but within the ten-day period for paying the filing fee. 216 S.W.3d 829, 830 (Tex.2007). We reversed those dismissals, noting that the affidavit of indigence is no longer a jurisdictional requirement and holding that Rule 44.3 prohibits dismissal for formal defects or irregularities in appellate procedure without first allowing the appellant a reasonable time to correct the error. *Id.* at 830; *Higgins*, 193 S.W.3d at 899–900. Thus, failure to file an affidavit of indigence "with or before" a notice of appeal will not support dismissal unless the appellant is given a reasonable time to correct the defect and fails to do so.

In this case, Springer's notice of appeal was initially defective because it was unaccompanied by the filing fee or an affidavit of indigence as required by Rule 20.1(c)(1). However, Springer corrected the defect by filing his affidavit of indigence shortly thereafter; it was not even necessary for the court of appeals to permit him additional reasonable time to correct the defect. Accordingly, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment, and remand to that court for further proceedings consistent with this opinion. *See* Tex.R.App. P. 59.1.