IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0917
════════════
 
Lawrence Higgins, 
Petitioner,
 
v.
 
Randall County Sheriff’s 
Office, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Seventh District of 
Texas
════════════════════════════════════════════════════
 
 
            
Justice Green, joined by 
Justice Wainwright and Justice Willett, dissenting.
 
 
 
            
The Texas Rules of Appellate Procedure require a party filing an appeal 
to pay a filing fee with the appellate court. Tex. R. App. P. 5. Failure to pay the 
filing fee may result in dismissal of the appeal. Id. (“The 
appellate court may enforce this rule by any order that is just.”); see 
also id. 25.1(b), 42.3. But the rules also provide that an indigent 
appellant may be excused from paying the filing fee if he demonstrates by 
affidavit his inability to pay costs. See id. 20.1. Rule 20.1(b) 
states that the affidavit “must” contain “complete information” concerning 
eleven specific categories of information regarding the affiant’s financial 
condition. Id. 20.1(b). The question presented 
here is whether, in the case of an affidavit violating Texas Rule of Appellate 
Procedure 20.1(b), Rule 20.1(f)[1] strips courts of appeals of their general 
sua sponte dismissal power.
            
The Court today concludes that it does, holding that when no contest is 
filed, any affidavit purporting to invoke indigent status is sufficient to avoid 
dismissal, no matter how deficient. I respectfully dissent because Rule 20.1 
properly places the burden of proving indigence entirely on the party seeking 
that status and makes clear what that party must do to establish his inability 
to pay costs.[2] An affidavit that fails to comply with 
Rule 20.1(b) fails to establish indigence, whether or not a contest is 
filed.
            
Rule 20.1(f) does not create an exception to the court’s power to dismiss 
an appeal when the affidavit violates Rule 20.1(b). Rule 20.1 contains three 
equally mandatory requirements, none less compulsory than another:
 
(a) 
Establishing Indigence. A party who cannot pay the costs in an appellate court 
may proceed without advance payment of costs if:
 
(1) 
the party files an affidavit of indigence in compliance with this rule;
 
(2) 
the claim of indigence is not contested or, if contested, the contest is not 
sustained by written order; and
 
(3) 
the party timely files a notice of appeal.
 
Id. 20.1(a). The 
absence of an authorized contest alleviates only the (a)(2) burden of 
proving the affidavit’s allegation that the affiant lacks the actual ability to 
pay. Id. 20.1(a)(2), (f). Because the (a)(1) 
and (a)(3) requirements stand independently, affiants must always “file 
in compliance” with each component of Rule 20.1 and must always meet the 
deadline for filing a notice of appeal. Unlike (a)(2), neither (a)(1) nor (a)(3) 
contain any recognition of (f), and that difference must be given meaning. The 
absence of any language recognizing (f) in (a)(1) and (a)(3) means that (f) 
cannot dispense with those two requirements. It is unimaginable that the lack of 
a contest would absolve a petitioner’s failure to comply with appellate 
deadlines, as required by (a)(3), yet—without any basis in the language of the 
Rule—the Court somehow concludes that (a)(1) is subject to different 
treatment.
            
Rule 20.1(f) has nothing to do with an appellate court’s power to 
dismiss; it is about proof. Rule 20.1(g) provides that “[i]f a contest is filed, 
the party who filed the affidavit of indigence must prove the affidavit’s 
allegations.” Id. 20.1(g) (emphasis added); see 
also id. 20.1(h)–(i) (hearing procedures). Rule 20.1(f) “deem[s]” 
allegations “true” if no contest is filed. Id. 20.1(f). But an incomplete 
affidavit constitutes a defect regardless of whether its allegations are proven 
in a hearing under (g) or “deemed true” by operation of (f). Id. Because 
missing allegations cannot be deemed true, an incomplete affidavit violates the 
“complete information” requirement, id. 20.1(b), and the requirement of 
filing “in compliance with this rule,” id. 20.1(a)(1), justifying 
dismissal of the appeal.[3]
            
We recognized this in Higgins v. Randall County Sheriff’s Office, 
193 S.W.3d 898 (Tex. 2006) (per curiam), concluding that the 
court of appeals could dismiss Higgins’s appeal if his affidavit’s defects 
remained after a reasonable opportunity to correct. Id. at 899–900 
(citing Tex. R. App. P. 44.3 and 
In re J.W., 52 S.W.3d 730, 733 (Tex. 2001) (per curiam)). We later affirmed 
Higgins’s construction in Hood v. Wal-Mart Stores, Inc., 216 
S.W.3d 829 (Tex. 2007) (per curiam): “[U]nder Texas Rule of Appellate Procedure 
44.3, a court of appeals may not dismiss an action due to a formal defect 
or irregularity without first allowing the petitioner reasonable time to 
cure the error.” Id. at 830 (emphasis added). We have 
never held, as the Court today does, that Rule 20.1(f) prevents courts from 
dismissing a case no matter how deficient the affidavit. Higgins 
concluded that if a reasonable opportunity to correct were provided, this court 
of appeals could dismiss Higgins’s appeal because of this affidavit’s defects. 
193 S.W.3d at 899–900. The Court’s citation to the Higgins opinion in 
support of today’s decision is inexplicable.
            
The Court says that “[t]he method of ensuring fairness, permitting 
interested parties to contest the claim of indigence, has also been in place for 
more than a century,” implying that the Court’s holding is in accord with our 
historical practice. ___ S.W.3d at ___. Even if true, this historical premise is 
not a license to ignore the text of the rule that governs today. Before 1997, 
Rule 40(a)(3) governed affidavits of indigence and required only that an affiant 
“state he is unable to pay the costs of appeal or any part thereof, or to give 
security therefor.” Tex. R. App. 
P. 40(a)(3) (Tex. & Tex. Crim. App. 1986, amended 1990). If that were 
the rule we were still applying, the Court’s analysis would be more persuasive. 
But the 1997 promulgation of Rule 20.1 created two new requirements that we 
cannot ignore: Rule 20.1(a)(1), a new requirement that affiants “file an 
affidavit of indigence in compliance with this rule,” and Rule 20.1(b), a new 
requirement that affiants provide complete information about the eleven 
enumerated indicia of indigence. Tex. R. 
App. P. 20.1(a)–(b). The Court refuses to recognize those changes because 
it prefers a different balance. That is not our role.[4]
            
In its interpretation of Rule 20.1(b), the Court converts mandatory terms 
into permissive suggestions without justification. According to the Court, 
“[d]epending upon the circumstances, certain types of financial information may 
be relevant and helpful to a court when evaluating a contested claim of 
indigence, including the following items described in Rule 20.1(b) . . . .” ___ 
S.W.3d at ___. Under that reading, when Rule 20.1(b) says that “[t]he affidavit 
must also contain complete information” about the eleven types of information, 
“must” really only means “may,” and even then only “depending upon the 
circumstances.” Id. at ___. That is not a “liberal 
construction” of the text, id. at ___; that is rewriting the text. If 
Rule 20.1(b)’s purpose was to require different showings in different 
circumstances, the text would have included more flexible terms. After all, the 
rules of appellate procedure should be interpreted as more than mere “relevant 
and helpful” suggestions. ___ S.W.3d at ___. Rule 20.1(b) must be read to give 
litigants notice of what is actually required: An affidavit containing the 
eleven enumerated indicia of indigence, without exception.
            
As the Court endorses Higgins’s conclusory assertions of his inability to 
pay costs, id. at ___, it fails to recognize the critical omissions in 
his affidavit. Higgins’s affidavit says nothing about his spouse’s income, 
nothing about real or personal property, nothing about other assets, nothing 
about dependants, nothing about debts, nothing about monthly expenses, nothing 
about the ability to obtain a loan, and nothing about an attorney. See 
Tex. R. App. P. 20.1(b)(2), 
(b)(3), (b)(5)–(11). Yet under the Court’s rule, Higgins could have three 
yachts, a millionaire spouse, and two parents who would gladly loan him the 
money, while still proceeding as an indigent. Rule 20.1(b) stands for the 
proposition that an accurate indigence inquiry always requires all 
of the Rule 20.1(b) information. Without it, neither we nor the potential 
contestants can conduct a meaningful evaluation of the litigant’s indigence. 
Even if “‘common sense’ supports the notion that an incarcerated individual is 
highly unlikely to qualify for loans,” ___ S.W.3d at ___ (quoting 
Higgins, 193 S.W.3d at 900), no part of our jurisprudence recognizes an 
inmate exception to Rule 20.1. Instead, we require individualized determinations 
precisely because assumptions and likelihoods are inaccurate predictors of 
actual need. See Gibson v. Tolbert, 102 S.W.3d 710, 713 (Tex. 
2003). “[I]f the courts allow the privilege granted [by the indigent cost rules] 
to be abused by those who, in fact, ought to pay, this may lead to the abolition 
of the exemption.” Pinchback v. Hockless, 164 S.W.2d 19, 20 (Tex. 1942). 
Under Rule 20.1, courts ought not make the choice of whether to challenge the 
claim of indigence, but they ought to be able to ensure that the choice 
belonging to the contestants is a meaningful one.
            
The Court’s decision today changes the balance struck by Rule 20.1 and 
departs from the Rule’s clear mandates. We ought not overrule Higgins and 
Hood less than two years after their issuance. I would hold that the 
court of appeals did not abuse its discretion by dismissing this appeal because 
Higgins’s affidavit of indigence was defective on its face, and because Higgins 
was given a reasonable opportunity to correct his affidavit of indigence and 
failed to do so.[5] Because the Court does not, I 
respectfully dissent.
 
            
______________________________
            
PAUL W. GREEN
            
JUSTICE
 
 
OPINION DELIVERED: May 16, 
2008






[1] 
“Unless a contest is timely filed, no hearing will be conducted, the affidavit’s 
allegations will be deemed true, and the party will be allowed to proceed 
without advance payment of costs.” Tex. 
R. App. P. 20.1(f).

[2] 
Contrary to the Court’s suggestion, whether or not “it appears from the record 
that the trial court was satisfied that Higgins was indeed indigent,” ___ S.W.3d 
___, at ___, plays no part in our consideration of Higgins’s conduct at the 
court of appeals. The two processes are wholly independent, and must be 
evaluated as such. See Tex. R. 
App. P. 20.1(a), (c).

[3] 
The Court suggests that before the adoption of Rule 20.1(b) and its requirement 
that affiants provide eleven specific pieces of information, “such information 
was already considered by the courts” in determining indigence. ___ S.W.3d at 
___. But how could courts be considering information that affiants were not 
providing? This case is not the first to prove that affiants do not always 
provide the information required for accurate indigence determinations. See, 
e.g., Johnson v. Harris County, No. 14-03-00992-CV, 2004 WL 306088, 
at *2 (Tex. App.—Houston [14th Dist.] Feb. 19, 2004, no pet.) (mem. op.) 
(affiant failed to provide all 20.1(b) information); Teague v. Southside 
Bank, No. 12-03-00003-CV, 2003 WL 21356052, at *2 (Tex. App.—Tyler June 11, 
2003, no pet.) (mem. op.) (affiant failed to provide all 20.1(b) information); 
Thomas v. Olympus/Nelson Prop. Mgmt., 97 S.W.3d 350, 353 (Tex. 
App.—Houston [14th Dist.] 2003, no pet.) (affiant failed to provide all 20.1(b) 
information). The failure of affiants to provide complete information is the 
reason that Rule 20.1(b) must exist and must be enforced.

[4] 
I agree with the Court that we ought not “elevate form over substance,” ___ 
S.W.3d at ___, and that is why I would adhere to the rule that courts of appeals 
must provide a reasonable opportunity to correct before dismissing appeals like 
Higgins’s. The reasonable opportunity to correct ensures that mere oversights 
and good faith errors are not subject to dismissal.

[5] 
Without explanation, the Court today approves an affidavit of indigence filed in 
the wrong court. See Tex. R. App. 
P. 20.1(c)(1)–(2) (affidavits of indigence for appeals must be filed in 
the trial court). Since I would hold that the violation of Rule 20.1(b) 
justifies the court of appeals’ dismissal, I need not address whether the 
previous proceedings in this matter justify this strange result. See 
Higgins, 193 S.W.3d 898; cf. Hood, 216 S.W.3d 829 
(approving an appellant’s affidavit of indigence filed in the court of 
appeals).