Memorandum Opinion Issued September 1,
2009 Withdrawn; Motion for Rehearing Overruled; Petition for Writ of Mandamus
Denied; and Memorandum Opinion filed December 3, 2009

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00692-CV



In Re David Smotherman,
Relator



 



ORIGINAL
PROCEEDING



WRIT
OF MANDAMUS



MEMORANDUM
 OPINION  ON  REHEARING

Relator’s motion for rehearing is overruled.  The
memorandum opinion issued on September 1, 2009, is withdrawn.  This memorandum
opinion is substituted in its place.

On August 12, 2009, relator David Smotherman filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the Honorable Robert H. Shoemake, presiding
judge of the 434th Judicial District Court of Fort Bend County, to rule on his
pending motion for appointment of counsel and motion for photocopying.  On
September 1, 2009, this Court denied relator’s petition because it did not
comply with the Texas Rules of Appellate Procedure.  See Tex. R. App. P.
20.1; 52.3(a); 52.3(j); 52.7(a)(1).  

On September 10, 2009, relator filed a motion for
rehearing.  While relator has cured the other defects in his petition, he has
not provided this Court with file-stamped copies of his motion for appointment
of counsel and motion for photocopying.  Relator states that he does not have
copies of all documents material to his claim for relief because he receives only
five carbon sheets per week.  At this Court’s request, the Office of the
Attorney General filed a response to relator’s petition.  

In its response, the Attorney General asserts that it
was error to deny relator’s petition for procedural defects without first
giving him an opportunity to cure those defects.  With respect to relator’s
failure to file an affidavit of indigence, the Attorney General relies on Rule
20.1(c)(3) of the Texas Rules of Appellate Procedure, which provides:  

Extension of Time.  The appellate court may extend the time
to file an affidavit of indigence if, within 15 days after the deadline for
filing the affidavit, the party files in the appellate court a motion complying
with Rule 10.5(b).  But the court may not dismiss the appeal . . . on
the ground that the appellant has failed to file an affidavit or a
sufficient affidavit of indigence unless the court has first provided the
appellant notice of the deficiency and a reasonable time to remedy it.

Tex. R. App. P. 20.1(c)(3)
(emphasis added).  However, the language of Rule 20.1(c)(3) is applicable to
appeals, not original proceedings.  This is further demonstrated by the
language used in Rule 20.1(c)(1) and (2).  Id. 20.1(c)(1), (2). Rule
20.1(c)(1) also applies to appeals: 

Appeals.  An appellant must file the
affidavit of indigence in the trial court with or before the notice of appeal.
. . . .  

Id. 20.1(c)(1)
(emphasis added).  However, Rule 20.1(c)(2) specifically applies to original
proceedings:  

Other Proceedings.  In any other appellate court
proceeding, a petitioner must file the affidavit of indigence in the
court in which the proceeding is filed, with or before the document seeking
relief.  

Id. 20.1(c)(2)
(emphasis added).  

The Attorney General further opines that, if Rule
20.1(c)(3) stood alone, the error would be harmless because this Court relied
on three other grounds for denying the petition, i.e., failure to provide a
list of parties and counsel, failure to include certification that factual
statements are supported by competent evidence, and failure to provide sworn or
certified copies of all documents material to  relator’s claim for relief,
without allowing a reasonable time to correct such defects or irregularities. 
However, the Attorney General argues that it was error to summarily deny the
petition for writ of mandamus under Rule 44.3 of the Texas Rules of Appellate
Procedure on any formal or procedural ground.  Tex. R. App. P. 44.3.  Rule 44.3
provides:

A court of appeals must not affirm or reverse a judgment
or dismiss an appeal for formal defects or irregularities in appellate
procedure without allowing a reasonable time to correct or amend the defects or
irregularities.  

Id. (emphasis added).[1] 
The Attorney General asserts that Rule 44.3 is applicable to original
proceedings. However, by the wording of Rule 44.3—that the court of appeals must
“not affirm or reverse a judgment or dismiss an appeal”—it is apparent that it only
applies to appeals, not original proceedings. 

To be entitled to the extraordinary relief of a writ
of mandamus, the relator must show that the trial court clearly abused its
discretion and he has no adequate remedy by appeal.  In re Team Rocket, L.P.,
256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).  A mandamus may be issued
to compel the trial court to act on a motion that is properly filed and pending
before it.  Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.
App.—San Antonio 1997, orig. proceeding).  To establish that the trial court
abused its discretion by failing to rule, the relator must show that the trial
court (1) had a legal duty to perform a nondiscretionary act; (2) was asked to
perform the act; and (3) failed or refused to do so.  In re Shredder Co.,
L.L.C., 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). 
While we have jurisdiction to direct the trial court to rule on a motion, we
may not tell the trial court how to rule on such motion.  In re Ramirez,
994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding).  Moreover,
the trial court has a reasonable time in which to act on the pending motions.  Ex
parte Bates, 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig.
proceeding).  

            Relator has not
submitted file-stamped copies of any pending motions with his petition for
mandamus.  Relator complains that he is unable to provide copies of his pending
motions because he receives only five sheets of carbon paper per week.  This
argument does not address the failure to submit file-stamped copies of the
pending motions.  Without file-stamped copies, relator cannot demonstrate that
he actually filed those motions in the trial court or the date(s) the motions
were filed in order to demonstrate that the trial court has not acted on those
motions within a reasonable time.  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s petition
for writ of mandamus. 

                                                                                    PER
CURIAM

 

 

Panel consists of Justices Yates, Frost, and Brown.









[1] See
also Springer v. Springer, 240 S.W.3d 871 (Tex. 2007) (per curiam)
(“Failure to file an affidavit of indigence ‘with or before’ a notice of
appeal will not support dismissal unless the appellant is given a
reasonable time to correct the defect and fails to do so.”) (emphasis added); Hood
v. Wal-Mart Stores, Inc., 216 S.W.3d 829, 830 (Tex. 2007) (per curiam)
(holding court of appeals erred by dismissing pro se appellant’s appeal
for want of prosecution for failure to file timely affidavit of indigence
without first allowing him reasonable time to cure error); Higgins v.
Randall County Sheriff’s Office, 193 S.W.3d 898, 899 (Tex. 2006) (per
curiam) (reversing court of appeals’ dismissal of pro se appellant’s appeal
for failure to file affidavit of indigence with or before notice of appeal
because Rule 44.3 prohibits dismissal for formal defects or irregularities in
appellate procedure without first allowing appellant reasonable time to correct
error).