**Abatement Order filed June 17, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00431-CV
_____

### JASMINE RICKS, Appellant

### V.

### QUALITY CARRIERS, INC & CRAIG L. SMITH, Appellees

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-17716**

## ABATEMENT ORDER

According to information provided to this court, this appeal is from a judgment signed April 17, 2014. Appellant filed a notice of appeal on May 7, 2014. On June 4, 2014, appellant filed an affidavit of indigence in this court. *See* Tex. R. App. P. 20.1(h). On June 9, 2014, appellee Quality Carriers, Inc. filed a contest to appellant's affidavit. On June 13, 2014, the Harris County District Clerk filed a contest to appellant's affidavit.

If an affidavit of indigence is filed in an appellate court, and a contest is filed, the court may refer the matter to the trial court with instructions to hear evidence and grant the appropriate relief. Tex. R. App. P. 20.1(h)(4).

Accordingly, we refer the matter to the trial court and direct the trial court to hold a hearing and make written findings as to whether appellant is entitled to proceed without payment of costs. Appellee Quality Carriers contests the timeliness of appellant's affidavit. However, the supreme court has held that we may not dismiss an appeal for failure to pay the fee if the appellant has filed an untimely affidavit of indigence. *Springer v. Springer*, 240 S.W.3d 871, 872 (Tex. 2007). Therefore, the trial court is directed to consider appellant's affidavit and appellee's contest without regard to the untimeliness of appellant's affidavit.

The court reporter shall file a reporter's record from the hearing and any exhibits admitted at the hearing on the contests to appellant's affidavit of indigence. The record of the hearing and the trial court's written findings shall be filed with the clerk of this court on or before **30 days from the date of this order.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's ruling on indigence has been completed. The court will also consider an appropriate motion to reinstate the appeal filed by any party. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM