**Motion Denied and Order filed May 29, 2015**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00386-CV

_____

### RONKE OLLEY AND JEFF OLLEY, Appellant

### V.

### VALPLACE HOUSTON I-10 WEST TEXAS LP, COMMONLY KNOWN AS VALUE PLACE HOTEL, Appellee

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-29959**

## ORDER

This is an appeal from a judgment signed March 9, 2015. Appellants filed their notice of appeal and an affidavit of indigence on April 27, 2015. On May 5, 2015, the Harris County District Clerk filed a contest to appellants' affidavit of inability to pay costs and a notice of hearing by submission, scheduling its contest on the docket for May 11, 2015. The Harris County District Clerk certified service of these pleadings on appellants by certified mail. On May 11, 2015, the trial court

signed an order reflecting that (1) appellants were notified,[1] (2) the court had considered the evidence and argument of counsel, and (3) the contest is sustained.

On May 19, 2015, appellants filed a motion with this court requesting that we review the trial court's order sustaining the contest to his affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1).

When a contest is sustained and a review of the ruling is sought, the question is whether an examination of the record as a whole establishes that the trial court abused its discretion. *See Jones v. Duggan*, 943 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1997, orig. proceeding). In ruling on the merits of the evidence at the trial court level, the test for determining entitlement to proceed in forma pauperis is whether the preponderance of the evidence shows that the appellant would be unable to pay the costs of appeal, if he really wanted to and made a good faith effort to do so. *See Griffin Indus. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex. 1996); *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (Tex. 1942). To show a clear abuse of discretion, the appellant must show that, under the circumstances of the case, the facts and law permit the trial court to make but one decision. *See Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

The burden of proof on the contest to the affidavit is on the party claiming indigence. *See* Tex. R. App. P. 20.1(g). Rule 20.1(b) identifies 12 types of information required in an affidavit of indigence: (1) nature and amount of the party's income; (2) income of the party's spouse; (3) real and personal property owned; (4) cash the party holds and amounts he may withdraw; (5) other assets;

---

[1] Although appellants urge that they were provided insufficient notice of the submission of the contest, they did not present this complaint to the trial court at any time. Therefore, that issue is not preserved for our review. *See Rios v. Texas Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ).

(6) number and relationship of dependents; (7) nature and amount of debts; (8) nature and amount of monthly expenses; (9) the party's ability to obtain a loan for court costs; (10) whether an attorney is providing free legal services to the party without a contingent fee; (11) whether an attorney has agreed to pay or advance court costs; and (12) where applicable, the party's lack of skill or access to equipment to prepare the appendix on appeal. *See* Tex. R. App. P. 20.1(b)(1)-(12).

Here, the affidavit does not contain all the facts required under rule 20.1(b). The affidavit is silent as to appellants' cash on hand, other assets, monthly expenses, and ability to obtain a loan. A trial court would not abuse its discretion if it found those facts were necessary to show that the party is unable to pay the costs of appeal if he really wanted to and made a good faith effort to do so. *See Pinchback*, 164 S.W.2d at 20. A trial court does not abuse its discretion in sustaining a contest to indigence where the affidavit is substantively incomplete. *See Johnson v. Harris County*, 257 S.W.3d 730, 731 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Accordingly, we find the trial court did not abuse its discretion in denying appellants' request to proceed without the payment of costs.

Therefore, appellants' motion is DENIED. Appellants are directed to pay or make arrangements to pay for the record in this appeal. *See* Tex. R. App. P. 35.3(a)(2). Unless appellants provides this court with proof of payment for the record within fifteen days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b).

PER CURIAM