**Lawrence HIGGINS, Petitioner,**

v.

**RANDALL COUNTY SHERIFF'S OFFICE, Respondent.**

No. 05–0095.

Supreme Court of Texas.

May 26, 2006.

Lawrence Higgins, Huntsville, pro se.

James Farren, Randall County Criminal District Attorney, Canyon, for Respondent.

PER CURIAM.

Lawrence Higgins, a *pro se* inmate, filed an appeal without paying a filing fee or filing an affidavit of indigence. When the court of appeals ordered him to pay the fee within ten days, Higgins filed an affidavit of indigence before the deadline. Because the court of appeals dismissed the appeal anyway, we reverse.

Higgins sued the Randall County Sheriff's Office after a fellow inmate assaulted him. The trial court dismissed his claim for want of prosecution. *See* TEX. R. CIV. P. 165a. Higgins filed a timely notice of appeal, but included neither a filing fee nor an affidavit of indigence. *See* TEX. R. APP. P. 5, 20.1(c)(1). Four months later, the court of appeals notified him that unless he paid the filing fee of $125 within ten days, his appeal would be dismissed. Nine days later, Higgins responded by filing an affidavit of indigence.

The court of appeals dismissed the appeal because the affidavit was untimely and unaccompanied by a motion to extend time. *See* TEX. R. APP. P. 20.1(c). But the affidavit is no longer a jurisdictional requirement. *See* TEX. R. APP. P. 25.1(b); *In re J.W.,* 52 S.W.3d 730, 733 (Tex.2001). As with any other formal defect or irregularity in appellate procedure, the court of appeals could dismiss the appeal for noncompliance only after allowing Higgins a reasonable time to correct this defect. *See* TEX. R. APP. P. 44.3; *In re J.W.,* 52 S.W.3d at 733. Because an affidavit of indigence discharged the filing-fee requirement unless a contest to it was sustained, *see* TEX. R. APP. P. 20.1, Hig-

gins corrected the defect within the allotted time.

The court of appeals held alternatively that even if the affidavit were timely, the appeal should be dismissed because it was conclusory and failed to contain all the information required. But again, dismissal cannot be sustained on this ground without giving the affiant an opportunity to amend. *See In re J.W.*, 52 S.W.3d at 733. Nothing in the affidavit shows affirmatively that Higgins could pay appellate costs, and "[c]ommon sense tells us that one in [his] circumstances had no means of obtaining an arm's length bona fide loan." *Allred v. Lowry*, 597 S.W.2d 353, 355 (Tex.1980).

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand for further proceedings in accordance with this opinion.

Justice JOHNSON did not participate in the decision.