Dismissed and Memorandum Opinion filed January 11, 2007








Dismissed
and Memorandum Opinion filed January 11, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00163-CV

____________

 

CHRISTINE E. REULE, Appellant

 

V.

 

ESTELLE CARREON, JUANITA WINCHELL, ET AL., Appellees

 



 

On Appeal from the
County Civil Court at Law No. 1

Harris County,
Texas

Trial Court Cause
No. 827,447

 



 

M E M O R
A N D U M  O P I N I O N

This is
an appeal from a judgment signed January 6, 2006.  Appellant filed a notice of
appeal on February 5, 2006.  Appellant did not pay the appellate filing fee of
$125.00.  See Tex. R. App. P. 5. 
On February 28, 2006, the court notified appellant that the filing fee was
due.  The clerk=s record was due March 7, 2006, but was not filed. 








On March
13, 2006, appellant filed a motion to proceed in forma pauperis in this
court.  Because appellant=s motion failed to comply with Texas Rule of Appellate
Procedure 20.1, this court initially denied appellant=s motion to proceed in forma
pauperis.  We then ordered appellant to pay the appellate filing fee in the
amount of $125.00 and to provide this court with proof of payment for
preparation of the clerk=s record on or before April 14, 2006.  Our order advised that
failure to comply could result in dismissal of the appeal.  See Tex. R. App. P. 42.3(c).  Appellant
did  not comply with our order.  Accordingly, by opinion and judgment issued
May 4, 2006, the appeal was ordered dismissed.

On May
24, 2006, appellant submitted an untimely motion to reconsider our ruling and
reinstate her appeal.  See Tex.
R. App. P. 49.1 (requiring a motion for rehearing to be filed within 15
days of the court=s judgment).  On May 26, 2006, the Texas Supreme Court issued
its opinion in Higgins v. Randall County Sheriff=s Office, 193 S.W.3d 898 (Tex. 2006).  In Higgins,
the court held that a court of appeals may dismiss an appeal only after
allowing a reasonable time to correct any formal defect or irregularity in
appellate procedure, including a defective or untimely affidavit of indigence. 
Id. at 899.  The court held that filing an affidavit of indigence after
notice of non-payment of the appellate filing fee corrected the defect, and the
court of appeals had dismissed the appeal in error.  Id. at 900.

Accordingly,
on the court=s own motion, we ordered our opinion and judgment of May 4, 2006,
withdrawn and the appeal reinstated.  Appellant=s motion to proceed in forma
pauperis filed in this court on March 13, 2006 was defective because it was
not originally signed or notarized and did not contain the contents required by
Texas Rule of Appellate Procedure 20.1.  Therefore, we granted appellant a
reasonable time to correct the defects and ordered her to file a corrected
affidavit.  See Higgins, 193 S.W.3d at 899; Tex. R. App.
P. 9.4.(i); 44.3.  

On July
14, 2006, appellant filed a motion for clarification of our order. 
Accordingly, by order filed August 31, 2006, we issued the following
clarification.








Texas Rule of Appellate Procedure 20
governs the procedures to be followed in order to appeal without the advance
payment of costs.  Rule 20.1(a) requires an affidavit of indigence be filed in
the trial court with or before the filing of the notice of appeal.  Tex. R. App. P. 20.1(c).  The trial
court clerk must promptly send a copy of the affidavit to the appropriate court
reporter, if any.  Tex. R. App. P. 20.1(d). 
The clerk, court reporter, or any party may challenge the affidavit by filing a
contest within ten days after the affidavit is filed in the trial court.  Tex. R. App. P. 20.1(e). 

Rule 20.1(b) prescribes the contents of
the affidavit of indigence as follows:

(b) Contents of Affidavit.   The
affidavit of indigence must identify the party filing the affidavit and must
state what amount of costs, if any, the party can pay.  The affidavit must also
contain complete information about:

(1) the
nature and amount of the party=s current
employment income, government‑entitlement income, and other income;

(2) the
income of the party=s spouse and whether that income is available to the
party;

(3) real
and personal property the party owns;

(4) cash
the party holds and amounts on deposit that the party may withdraw;

(5) the
party's other assets;

(6) the
number and relationship to the party of any dependents;

(7) the
nature and amount of the party=s debts;

(8) the
nature and amount of the party=s monthly
expenses;

(9) the party=s ability to obtain a loan for court costs;

(10)
whether an attorney is providing free legal services to the party without a
contingent fee;  and

(11)
whether an attorney has agreed to pay or advance court costs.

Tex. R. App. P. 20.1(b).

Even if a party proceeded as a pauper in
the trial court, a new affidavit of indigence must be filed in the trial court
after judgment for purposes of appeal.  Holt v. F.F. Enterprises, 990
S.W.2d 756, 758 (Tex. App.CAmarillo 1998,
pet. denied).  A free record will be provided on appeal only if an affidavit of
inability to pay the cost of the appeal is filed under Texas Rule of Appellate
Procedure 20 and the trial court finds the appeal is not frivolous and the
record is necessary to decide the appeal.  Tex.
Civ. Prac. & Rem. Code Ann. '
13.003(a).  The party may then proceed without advance payment of costs if no
contest is filed or the contest is not sustained by a written order.  Tex. R. App. P. 20.1(a).

 








Appellant
then filed a corrected affidavit in the trial court and the county filed a
contest to the affidavit.  The trial court conducted a hearing on the contest
to appellant=s amended affidavit of indigence, and on November 29, 2006, signed an
order sustaining the contest.  Appellant has not appealed the denial of her
indigence claim.  Accordingly, we ordered appellant to pay the appellate filing
fee and provide this court with proof of payment for preparation of the clerk=s record.  Our order advised
appellant that failure to comply would result in dismissal of the appeal.  See
Tex. R. App. P. 42.3(c). 
Appellant has not complied with our order or filed any other response.  

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed January
11, 2007.

Panel consists of Chief Justice Hedges and Justices
Fowler and Edelman.