IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0902
════════════
 
Robert Lee Hood, 
Petitioner,
 
v.
 
Wal-Mart Stores, Inc., 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fifth District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
 
Appearing pro 
se, Robert Lee Hood brought an assault and battery action against Wal-Mart 
Stores, Inc., and two Wal-Mart employees. Hood alleged that multiple Wal-Mart 
employees assaulted him by grabbing his arm as he attempted to exit the store 
with a television set. Wal-Mart filed a summary judgment motion, arguing that 
the two-year statute of limitations barred Hood’s claim. The trial court granted 
Wal-Mart’s motion. When Hood filed his timely notice of appeal in the court of 
appeals, he failed to pay the filing fee and had not yet filed an affidavit of 
indigence. Upon receiving his appellate brief, the court of appeals notified 
Hood that his fee was past due and granted an additional ten days to pay. Hood 
did not pay the fee, but he filed his affidavit of indigence with the court of 
appeals within the ten day window. The court of appeals responded by notifying 
him that the affidavit was untimely and that his failure to pay the fee after a 
second extension of time would result in the dismissal of his appeal. 
Ultimately, 
the court of appeals denied Hood’s motion to proceed in forma pauperis under 
Texas Rule of Appellate Procedure 20.1(c)(1), which requires the petitioner to 
file an affidavit of indigence with or before his notice of appeal. The court of 
appeals dismissed Hood’s appeal for want of prosecution and never reached the 
merits of the case. We hold that the court of appeals erred in dismissing Hood’s 
appeal. 
            
Shortly after the court of appeals dismissed Hood’s appeal, we decided a case 
with strikingly similar facts. In Higgins v. Randall County Sheriff’s 
Office, a pro se defendant filed an appeal without paying the filing 
fee or submitting an affidavit of indigence. 193 S.W.3d 898, 899 (Tex. 2006). 
Although Higgins, like Hood, filed an affidavit of indigence within the ten days 
he was given to pay the fee, the court of appeals dismissed his case. Id. 
We reversed, explaining that under Texas Rule of Appellate Procedure 44.3, a 
court of appeals may not dismiss an action due to a formal defect or 
irregularity without first allowing the petitioner reasonable time to cure the 
error. Id.
In accord 
with Higgins, we hold that Hood’s affidavit discharged the filing fee 
requirement unless a contest to it is sustained. Thus, without hearing argument, 
we grant the petition for review, reverse the court of appeals’ judgment, and 
remand to that court for further proceedings consistent with this opinion. 
See Tex. R. App. P. 59.1. 

 
OPINION 
DELIVERED: February 23, 2007