Dismissed and Memorandum Opinion filed March 22, 2007








Dismissed
and Memorandum Opinion filed March 22, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00934-CV

____________

 

JOHN CARL SUTTERLEY, Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE C STATE JAIL DIVISION, UNIVERSITY OF TEXAS MEDICAL
BRANCH, and HOBART CORPORATION, Appellees

 



 

On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2006-23810

 



 

M E M O R
A N D U M   O P I N I O N

This is
an appeal from a judgment signed October 2, 2006.  The notice of appeal was
filed October 20, 2006.  To date, the appellate filing fee of $125.00 has not
been paid.  On November 29, 2006, the court notified appellant that the filing
fee was due.  No response was filed.  On December 1, 2006, the Harris County
District Clerk=s office notified this court that appellant had not paid for preparation
of the clerk=s record.  








On
November 8, 2006, appellant filed a  motion to proceed in forma pauperis.  Even
if a party proceeded as a pauper in the trial court, a new affidavit of
indigence must be filed in the trial court after judgment for purposes of
appeal.  Holt v. F.F. Enterprises, 990 S.W.2d 756, 758 (Tex. App.CAmarillo 1998, pet. denied).  A free
record will be provided on appeal only if an affidavit of inability to pay the
cost of the appeal is filed under Texas Rule of Appellate Procedure 20 and no
contest is filed or the contest is not sustained by a written order.  Tex. R. App. P. 20.1(a).  Because
appellant=s motion did not comply with the procedural or substantive requirements
of Rule 20, we ordered appellant to file an affidavit of indigence containing
the information set forth in Texas Rule of Appellate Procedure 20 in the trial
court on or before December 29, 2006, and then to have our record
supplemented with the affidavit and any contest and ruling thereon.  See
Tex. R. App. P. 44.3; Higgins
v. Randall County Sheriff's Office, 193 S.W.3d 898, 899(Tex. 2006) (holding
appeal should not be dismissed for defects in procedure without allowing
reasonable time to correct defects). 

The
Harris County District Clerk=s office notified this court that appellant failed to file an
affidavit of indigence with the trial court in accordance with this court=s order.  Therefore, appellant failed
to establish indigency for appeal.  Accordingly, this court ordered appellant
to pay the appellate filing fee in the amount of $125.00 and to provide proof
of payment for preparation of the clerk=s record in this appeal on or before
March 2, 2007.  Our order notified appellant that if he failed to comply
with this order, the appeal would be dismissed.  See Tex. R. App. P. 42.3.  Appellant filed
a response to this court=s order on February 28, 2007.  His response, containing a
motion to proceed in forma pauperis, does not comply with our order, however. 
Appellant=s affidavit of indigence is required to be filed in the trial court so
that the district clerk and court reporter, if any, have an opportunity to
contest the affidavit.  See Tex.
R. App. P. 20.1(c).  Despite being provided an opportunity to correct
his defective filing, appellant has failed to comply with the procedural
prerequisites to be entitled to appeal without advance payment of costs. 








To date,
the appellate filing fee has not been paid.  See Tex. R. App. P. 5 (requiring payment of fees in civil cases
unless indigent); Tex. R. App. P. 20.1 (listing
requirements for establishing indigence); see also Order Regarding Fees
Charged in Civil Cases in the Supreme Court and the Courts of Appeals, Misc.
Docket No. 98-9120 (Tex. Jul. 21, 1998) (listing fees in court of appeals); Tex. Gov=t Code Ann. ' 51.207 (Vernon
2005) (same). Moreover,
no record has been filed in this appeal.  The clerk responsible for preparing
the record informed the court appellant did not make arrangements to pay for
the record.  See Tex. R. App. P.
37.3(b) (permitting dismissal for want of prosecution when appellant fails to
pay or make arrangements to pay for the record).

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed March
22, 2007.

Panel consists of Chief Justice Hedges and Justices
Fowler and Edelman.