Dismissed and Memorandum Opinion filed March 29, 2007








Dismissed
and Memorandum Opinion filed March 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00892-CV

____________

 

FIRAS KADHUM and JOELLIE SHAWNLET REGAN,
Appellant

 

V.

 

HOMECOMINGS FINANCIAL NETWORK, INC.
and DEUTSCHE BANK TRUST COMPANY AMERICAS f/k/a BANKERS TRUST COMPANY, Appellees

 



 

On Appeal from the
269th District Court

Harris County, Texas

Trial Court Cause No.
2004-24168

 



 

M E M O R A N D U M   O P I N I O N








Appellants
failed to pay the $125.00 appellate filing fee in this appeal.  See
Tex. R. App. P. 5; see also Order Regarding Fees Charged in Civil Cases in the Supreme Court
and the Courts of Appeals, Misc. Docket No. 98-9120 (Tex. Jul. 21, 1998)
(listing fees in court of appeals); Tex.
Gov=t Code Ann. ' 51.207 (Vernon 2005) (same).  In addition, the clerk=s record was not filed.  On October
11, 2006, this court notified appellant that the appeal was subject to
dismissal for failure to pay the appellate filing fee and for preparation of
the clerk=s record.  On October 23, 2006, appellant, Firas Kadhum, filed an
affidavit of indigence with this court in response to our notices.  Appellant Joellie
Shawnlet Ragan has not responded to any of this court=s notices.

AAn appellant must file the affidavit of indigence in the
trial court with or before the notice of appeal.@  Tex.
R. App. P. 20.1(c).  The trial court clerk must then promptly send a
copy of the affidavit to the appropriate court reporter.  Tex. R. App. P. 20.1(d)(1).  Rule 20
sets forth the required contents for affidavits of indigence.  Id. at
(b).  Appellant=s affidavit filed in this court did not comply with Rule 20.

Although
an affidavit of indigence is no longer used to invoke appellate jurisdiction,
it is no less essential to an appeal, and thus, an appellant should be given an
opportunity to amend a defective affidavit of indigence before a court of
appeals may dismiss the appeal.  Tex. R.
App. P. 44.3;  In re J.W., 52 S.W.3d 730, 733 (Tex. 2001).  In
addition, the Texas Supreme Court has now authorized late-filing of an
affidavit of indigence in the court of appeals.  See Higgins v. Randall
County Sheriff=s Office, 193 S.W.3d 898, 899 (Tex. 2006).        Relying on Higgins, this
court abated the appeal and ordered appellant Firas Kadhum to file an amended
affidavit of indigence in compliance with Texas Rule of Appellate Procedure
20.1 with the clerk of the trial court.  Our order directed the steps to be
taken regarding any contest to the affidavit and required the trial court to
submit a partial clerk=s record containing documents relevant to appellant=s indigency claim and the trial court=s findings of fact and conclusions of
law.  

The
partial clerk=s record containing the requested documents and the trial court=s findings of fact and conclusions of
law has now been filed.  Accordingly, we REINSTATE the appeal.  Among
other findings, the trial court found that the judgment that appellants are
attempting to appeal was signed October 3, 2005.  Appellants did not
file a notice of appeal until September 6, 2006.  The notice of appeal must be filed
within thirty days after the judgment is signed when appellant has not filed a
timely motion for new trial, motion to modify the judgment, motion to
reinstate, or request for findings of fact and conclusion of law.  See Tex. R. App. P. 26.1.  Therefore,
appellants= notice of appeal was not filed timely. 








On March 5, 2007, notification was transmitted to all
parties of the court=s intention to dismiss the appeal for want
of jurisdiction.  See Tex. R.
App. P. 42.3(a).  Appellants have failed to demonstrate that this court
has jurisdiction over the appeal.  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed March 29, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.