Dismissed and Memorandum Opinion filed June 14, 2007








Dismissed
and Memorandum Opinion filed June 14, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01135-CV

____________

 

WAYNE R. JOHNSON, Appellant

 

V.

 

MARY BACON, Appellee

 



 

On Appeal from the
269th District Court

Harris County,
Texas

Trial Court Cause
No. 2006-55819

 



 

M E M O R A N D U M  O P I N I O N








Appellant,
an inmate incarcerated in the Texas Department of Criminal Justice, appeals
from a judgment of dismissal signed November 8, 2006.  Appellant filed a pro se
notice of appeal on December 18, 2006.  To date, the appellate filing fee of
$125.00 has not been paid.  On December 27, 2006, this court notified appellant
that the filing fee was due.  No response was filed.  On February 20, 2007, the
Harris County District Clerk=s office notified this court that appellant had not paid for
preparation of the clerk=s record.  On February 21, 2007, this court notified
appellant that his appeal was subject to dismissal for want of prosecution due
to failure to pay or make arrangements to pay for the clerk=s record.  See Tex. R. App. P. 37.3(b).  

On March
9, 2007, appellant filed a motion to proceed in forma pauperis.  Accordingly,
this court abated the appeal to permit appellant to have the trial court
consider his claim of indigency.  See Higgins v. Randall Cty. Sheriff=s Office, 193 S.W.3d 898, 899 (Tex. 2006) (requiring
consideration of untimely affidavit of indigence before dismissal for
non-payment). 

On March
20, 2007, the clerk=s record was filed.  Our review of the trial court=s judgment contained in the record
reveals that appellant has been determined to be a vexatious litigant and is
prohibited from filing litigation in Texas courts without obtaining permission
of the local administrative judge.  See Tex. Civ. Prac. & Rem. Code Ann. ' 11.101 (Vernon 2002).  The trial
court found that appellant did not obtain the administrative judge=s permission to file this suit.  The
judgment further recites that the Fifth Circuit has determined that appellant
had accumulated four Astrikes@ under 28 U.S.C. ' 1915(g), and ordered him ABARRED from bringing any civil action
or appeal IFP [in forma pauperis] while he is incarcerated or detained in any
facility unless he shows that he is under imminent danger of serious physical
injury.@  Johnson v. Whatley, 73 Fed.
Appx 79 (5th Cir. 2003) (not designated for publication). 

The
clerk=s record also contained the trial
court=s ruling sustaining the contest to
appellant=s affidavit of inability to pay costs on appeal.  Therefore, on March 29,
2007, we reinstated the appeal, ordered appellant to pay the appellate filing
fee within fifteen days and to file his brief with thirty days.  See Tex. R. App. P. 38.8(a) (permitting
dismissal for want of prosecution when appellant fails to file his brief
timely); Tex. R. App. P. 42.3(c) (allowing
involuntary dismissal of case because
appellant has failed to comply with a notice or order from clerk requiring a
response or other action within specified time).  No response was filed.








By order
issued May 10, 2007, this court notified appellant his appeal would be
dismissed unless he paid the appellate filing fee and filed his brief by May
30, 2007.  Again, appellant did not respond.

Accordingly, the appeal is ordered
dismissed.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed June
14, 2007.

Panel consists of Chief Justice Hedges and Justices
Hudson and Guzman.