# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00635-CV

**James Earl Crayton, Sr., Appellant**

**v.**

**Doris Lanett Crisp, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
### NO. 05-915-FC3, HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant filed his notice of appeal in the instant cause on October 24, 2006, without paying the filing fee or filing an affidavit of indigence.[1]  The clerk's record is overdue, and the District Clerk of Williamson County has informed this Court that the clerk's record will not be forwarded to this Court because appellant has not made arrangements to pay for it.  Appellant claims he is indigent.

Pursuant to Texas Rule of Appellate Procedure 20.1, we abate this appeal and refer this matter to the trial court to conduct an evidentiary hearing on appellant's claim of indigence.  *See* Tex. R. App. P. 20.1(h)(4), (i).  The trial court shall give the parties reasonable notice of the date on which the hearing will be heard and shall permit appellant to file a proper affidavit of indigence any time before that date.  Tex. R. App. P. 20(i); *see Higgins v. Randall County Sheriff's Office*,

---

[1]  Appellant filed a letter stating that he was indigent.

193 S.W.3d 898, 899-900 (Tex. 2006).  After the hearing, the trial court shall make appropriate findings and enter an order granting the appropriate relief. *See* Tex. R. App. P. 20.1(h)(4).  A clerk's record containing the documents relating to appellant's claim of indigence and a reporter's record of any evidentiary hearing conducted pursuant to this opinion shall be filed with this Court on or before October 31, 2007.

This appeal will be reinstated when the record on the hearing regarding appellant's claim of indigence is filed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Abated

Filed:   September 19, 2007

2