# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00635-CV

**James Earl Crayton, Sr., Appellant**

**v.**

**Doris Lanett Crisp, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
### NO. 05-915-FC3, HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant filed his notice of appeal in the instant cause on October 24, 2006, without paying the filing fee or filing an affidavit of indigence.[1] Pursuant to Texas Rule of Appellate Procedure 20.1, this Court abated the instant appeal and remanded this cause to the trial court to conduct an evidentiary hearing on appellant's claim of indigence. *See* Tex. R. App. P. 20.1(h)(4), (i). The trial court gave notice to the parties and held a hearing on October 31, 2007. The trial court found that appellant did not file a proper affidavit of indigence. Tex. R. App. P. 20(i); *see Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899-900 (Tex. 2006). Thereafter, the reporter filed the reporter's record of the hearing on indigency with this Court, and the district clerk filed the clerk's record. Appellant has since filed a proper affidavit of indigence with this Court in compliance with Tex. R. App. P. 20.1(b), and we reinstated the case on November 19, 2007.

---

[1] Appellant filed a letter stating that he was indigent.

Based on the record now before us, it is clear that we lack jurisdiction over this appeal. In the underlying suit, appellant seeks a divorce from his wife, and he requested the trial court to appoint an "Attorney ad Litem" to represent him in the divorce proceedings. The record reflects that the trial court denied appellant's request for appointed counsel on October 11, 2006. Appellant appeals from the trial court's interlocutory order denying the request for appointed counsel.

This Court lacks jurisdiction over an appeal from an interlocutory order unless jurisdiction is specifically provided by statute. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). No statute authorizes an interlocutory appeal from an order denying a motion for appointed counsel. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2007); *Belton v. Conagra Poultry Co.*, No. 10-03-00291-CV, 2004 Tex. App. LEXIS 11781, at *1 (Tex. App.—Waco 2004, pet. denied) (per curiam) (not designated for publication); *In re S.L.K.*, No. 2-04-197-CV, 2004 Tex. App. LEXIS 10583, at *1-2 (Tex. App.—Fort Worth 2004, no pet.) (not designated for publication). Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: December 21, 2007