# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00641-CV

**Rhett Webster Pease, Appellant**

**v.**

**William Veith, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-07-007421, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On November 16, 2007, appellant Rhett Webster Pease timely filed his notice of appeal without paying a filing fee. On December 4, 2007, this Court received Pease's affidavit of indigence along with a motion for extension of time to file the affidavit. *See* Tex. R. App. P. 20.1(c)(3). On January 9, 2008, this Court received appellee William Veith's contest to appellant's affidavit and request for an evidentiary hearing on appellant's claim of indigence. *See* Tex. R. App. P. 20.1(e), (h).

We grant Pease's motion for extension of time to file the affidavit, abate the appeal, and, pursuant to rule 20.1, refer this contest to the trial court for an evidentiary hearing on appellant's claim of indigence and an order addressing the appropriate relief. *See* Tex. R. App. P. 20.1(h)(4). For filing purposes, the clerk of this Court shall forward to the trial court the affidavit of indigence and the contest to the affidavit. *See* Tex R. App. P. 20.1(c)(1). The trial court shall give the parties

reasonable notice of the date on which the contest will be heard and shall permit appellant to amend his affidavit of indigence any time before that date. *See Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899 (Tex. 2006).

A clerk's record containing the documents relating to the contest and a reporter's record of any hearing conducted pursuant to this opinion shall be filed within 30 days from the date of this order. The appeal will be reinstated when the record on the contest is filed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Abated

Filed: February 5, 2008