NO. 07-05-0004-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 15, 2006
______________________________

LAWRENCE HIGGINS, 
 
                                                                                                 Appellant

v.

RANDALL COUNTY SHERIFFS OFFICE, 
 
                                                                                                 Appellee
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 50,468C; HON. PATRICK A. PIRTLE, PRESIDING
_______________________________

Order on Remand from the Supreme Court
_______________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          The third chapter of this appeal starts with the second reversal and remand from the
Texas Supreme Court in this cause. The subject remains the same, i.e. whether Lawrence
Higgins may prosecute this appeal without paying costs. His alleged pauper’s affidavit was
both untimely and defective when compared with the requirements of Texas Rule of
Appellate Procedure 20.1. Nonetheless, the Supreme Court concluded that the cause
could not be dismissed due to the defects since “no challenge was made to his assertion
of indigence . . . .” Higgins v. Randall County Sheriff’s Office, No. 06-0917, 2008 Tex.
Lexis 455 at *12 (Tex. May 16, 2008) (Higgins II). We recognize the opinion as binding
but are compelled to abate the matter for further hearing because the factual premise upon
which it was based is missing. Simply put, while the record contains no document
illustrating that anyone contested Higgins’ claim of indigence, no one was given the
opportunity to do so because he did not file the affidavit in a manner comporting with the
rules of procedure. 
          The Texas Rules of Appellate Procedure contemplate two instances wherein an
appellant may seek to proceed without paying costs. One involves an attempt to perfect
an actual “appeal” from a trial court’s ruling. Tex. R. App. P. 20.1(c)(1). The other
encompasses “any other appellate court proceeding.” Id. 20.1(c)(2). Under the former,
an appellant “must file the affidavit of indigence in the trial court [or with the trial court clerk]
with or before the notice of appeal.” Id. 20.1(c)(1). And, “[i]f the affidavit of indigence is
filed with the trial court clerk under (c)(1), the clerk must [then] promptly send a copy of [it]
to the appropriate court reporter.” Id. 20.1(d)(1). That court reporter, as well as the clerk
and any party, then has ten days “after the date when the affidavit was filed . . . in the trial
court” to contest the affidavit. Id. 20.1(e).
          In all proceedings other than actual appeals, the affidavit must be filed with the
appellate clerk or court “in which the proceeding is filed, with or before the document
seeking relief.” Id. 20.1(c)(2). If the affidavit is so filed “under (c)(2),” then the appellate
clerk must forward the document to the trial court clerk and appropriate court reporter and
establish a deadline by which those interested may contest it. Id. 20.1(d)(2)(A) & (B). If
no one contests it, then the allegations contained in the affidavit will be deemed true and
the affiant will be allowed to proceed without the advance payment of costs. Id. 20.1(f). 
          Here, however, Higgins neglected to file his affidavit with the trial court or its clerk
even though he was attempting to perfect an appeal. Thus, that clerk had no opportunity
to forward it to the reporter or litigants for review and possible contest. Instead, the item
was belatedly filed with this court contrary to the rules of appellate procedure. And,
because we determined that so filing the affidavit violated the rules of procedure, we
afforded it no authority and dismissed the appeal. Higgins v. Randall County Sheriff’s
Office, No. 07-05-0004-CV, 2005 Tex. App. Lexis 495 (Tex. App.–Amarillo January 29,
2005). Nevertheless, the Supreme Court told us that the document could not be ignored,
and before the cause could be dismissed, the affiant had to be given opportunity to amend
it to comport with Rule 20.1. Higgins v. Randall County Sheriff’s Office, 193 S.W.3d 898,
900 (Tex. 2006) (Higgins I).
          On remand, we afforded appellant opportunity to amend per the directive in Higgins
I. Yet, the item we received in response failed to comport with Rule 20.1(b). And, because
it did, we mentioned that anyone assessing whether to contest it lacked the requisite
information to make a meaningful decision. Higgins v. Randall County Sheriff’s Office, No.
07-05-0004-CV, 2006 Tex. App. Lexis 7423 (Tex. App.–Amarillo August 22, 2006). So,
we again dismissed per the authority extended by the Supreme Court in Higgins I. And,
this meant that the trial court clerk and reporter were again denied the chance to review
Higgins’ claim of impoverishment. 
          Because no one was afforded the opportunity to contest the affidavit and will not be
afforded it if Higgins I and the rules of appellate procedure are enforced as written, we are
compelled to correct the omission. Thus, we invoke Texas Rule of Appellate Procedure
2 and, in cases such as these, modify Rule 20.1 as follows. The clerk of this court is
directed to forward a copy of Higgins’ current pauper’s affidavit to the appropriate trial court
clerk and court reporter as well as to all parties of record and inform each that they have
the right to contest the validity of that affidavit and Higgins’ purported claim of indigence,
if they so choose. Their contest, if any, must be filed in writing with the clerk of this court
on or before August 14, 2008. If a contest is so received, then the cause will be abated
and remanded to the trial court for hearing in accordance with Texas Rule of Appellate
Procedure 20.1(h)(4) and (i). This procedure best balances the interests of all involved and
potentially supplies the factual element underlying the Supreme Court’s holding in Higgins
II .
 
                                                                           Per Curiam
 
Publish.