Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-08-00022-CV

Adam E. **SALAZAR**,
Appellant

v.

Pauline **DICKEY**, Frank E. Dickey, Elizabeth Coronado, Robert Ross, M.D.,
SCI Texas Funeral Services, Inc. d/b/a Roy Akers Zizik Kearns Funeral Chapels
and d/b/a Sunset Northwest Chapel,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-02712
Honorable Peter Sakai, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  July 16, 2008

REVERSED AND RENDERED

On April 23, 2008, we issued an opinion affirming the trial court's order sustaining the contests to Appellant Adam E. Salazar's Affidavit of Indigence. Upon further review, on May 29, 2008, we requested that the parties file a response addressing the following issues: (1) whether the trial court was required to hold a hearing within ten days of receiving our February 26, 2008, order referring the contest; and (2) if so, whether the failure of the trial court to hold a hearing within the

ten days following our referral requires us to deem Salazar indigent. Both Salazar and SCI Texas

Funeral Services, Inc. d/b/a Roy Akers Zizik Kearns Funeral Chapels and d/b/a Sunset Northwest

Chapel ("SCI Texas Funeral Services") have filed responses to our order. After reviewing the

responses and arguments presented, we withdraw our opinion and order of April 23, 2008, and

substitute this opinion and order in their place.

## BACKGROUND

On December 26, 2007, Salazar timely filed his notice of appeal in the trial court, but did not

file an affidavit of indigence. *See* TEX. R. APP. P. 20.1(c)(1). On January 9, 2008, Salazar filed his

notice of appeal in this court and, for the first time, filed a copy of his affidavit of indigence. *See id.*

Salazar, however, did not serve a copy of his affidavit on all parties to the proceeding in accordance

with Texas Rule of Appellate Procedure 9.5. *See* TEX. R. APP. P. 9.5. Therefore, the court reporter

and other parties to this proceeding did not immediately learn of Salazar's intent to proceed as an

indigent litigant.

After learning about the filing of Salazar's affidavit of indigence, on January 18, 2008, the

court reporter filed a contest. On February 12, 2008, SCI Texas Funeral Services also filed a

contest. On February 14, 2008, during a period when the trial court did not have plenary power, the

trial court held a hearing on the contest but did not sign an order.[1] On February 26, 2008, we issued

the following order:

> Although the trial court held a hearing on the Contest to Salazar's Affidavit of
> Pauper's Oath on February 14, 2008, no ruling was entered because there was a
> question regarding jurisdiction. In accordance with *Higgins v. Randall County
> Sheriff's Office*, 193 S.W.3d 898 (Tex. 2006), we abate this appeal to the trial court

---

[1]On February 21, 2008, SCI Texas Funeral Services filed an amended contest to Salazar's affidavit of indigence, and on February 26, 2008, Appellee Robert D. Ross, M.D., filed a motion joining in SCI Texas Funeral Services's amended contest.

and order the trial court to determine the merits of the contest. *See* TEX. R. APP. P. 20.1(i).

On March 6, 2008, the trial court did not hold another hearing on the contest pursuant to Rule 20.1(i), but instead signed an order based on evidence presented at the prior hearing. The trial court's March 6, 2008, order states the following:

> On February 14, 2008, came on to be heard Defendants' Contest to Salazar's Affidavit in Support of Pauper's Oath and Affidavit of Inability. On February 26, 2008, the Fourth Court of Appeals ordered that the trial court make a ruling of said hearing.

> The Court, having heard the arguments and reviewed the evidence presented to the Court, as well as pleadings filed, has determined that the Contest should be GRANTED on the following grounds:

> The Court finds that the Affidavit in Support of Pauper's Oath and Affidavit of Inability is insufficient and fails to meet the requirements of Texas Rule of Appellate Procedure 20.1(b).

> The Court finds that the Plaintiff has failed to meet his burden of proof in that Plaintiff is unable to pay court costs and that Plaintiff has made a good faith effort to do so.

> The Court further finds that Plaintiff's actions should be dismissed.

On March 28, 2008, after receiving a supplemental clerk's record containing the trial court's order, we reinstated this appeal. Salazar then appealed the trial court's order sustaining the contests.

### DISCUSSION

Texas Rule of Appellate Procedure 20.1 provides that a party may proceed on appeal without advance payment of costs if (1) he files an affidavit of indigence; (2) his claim of indigence is not contested or the contest is not sustained; and (3) he timely files a notice of appeal. *See* TEX. R. APP. P. 20.1(a)(1)-(3). The trial court clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the affidavit. *See id.* 20.1(e). If a contest is filed, the party who filed

the affidavit must prove the affidavit's allegations. *See id.* 20.1(g).

Rule 20.1 allows us to refer a contest to the trial court. *See id.* 20.1 (h)-(i). If, as here, an appellate court refers a contest to the trial court, the trial court must set a hearing and notify the parties and the appropriate court reporter of the setting. *See id.* 20.1(i)(1). And, within ten days after receiving a contest referred from the appellate court, the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing. *See id.* 20.1(i)(2)(B). Further, "[u]nless– within the period set for the hearing– the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." *See id.* 20.1(i)(4).

Here, Salazar argues that because the trial court's hearing of February 14, 2008, occurred when the trial court did not have plenary power, any evidence presented during that hearing was a nullity. And, because the trial court, after receiving our referral, did not hold a new hearing, he should be deemed indigent.

It is undisputed that the trial court did not have plenary power when it conducted the February 14, 2008, hearing. If a trial court does not have plenary power, it has no authority to conduct a hearing on a contest. *See In re J.B.*, No. 12-03-00033-CV, 2003 WL 1922835, at *2 (Tex. App.—Tyler 2003, no pet.). Therefore, after receiving our referral, the trial court should not relied on evidence presented during a time when it did not have plenary power but should have conducted a new hearing. And, because the trial court did not conduct a hearing within ten days of receiving our referral, Salazar is now deemed indigent. *See* TEX. R. APP. P. 20.1(i)(4); *see also Higgins v. Randall County Sheriff's Office*, No. 06-0917, 2008 WL 2069834, at *4 (Tex. May 16, 2008).

We note that SCI Texas Funeral Services argues in its response that the language of our

February 26, 2008, order was insufficient to constitute a referral of the contest. Therefore, according to SCI Texas Funeral Services, because we did not refer the contest to the trial court, Rule 20.1(i)'s ten-day requirement was never triggered. Thus, SCI Texas Funeral Services concludes that if Rule 20.1(i)'s ten-day requirement was never triggered, neither was Rule 20.1(i)'s requirement that Salazar be deemed indigent. We disagree. On February 26, 2008, we ordered the trial court "to determine the *merits* of the contest" and cited to Rule 20.1(i). This language sufficiently indicated to the trial court that it should hold a hearing in conformity with Rule 20.1(i).[2]

## CONCLUSION

Because the trial court did not conduct a hearing pursuant to Rule 20.1(i) within ten days of receiving our referral, we reverse the trial court's order sustaining the contest to appellant's claim of indigence and render judgment that Salazar be allowed to proceed without advance payment of costs.

PER CURIAM

---

[2]We recognize the error contained in our prior opinion wherein we stated that "the trial court was not ordered to conduct another hearing." Upon further consideration, it is clear that Salazar was entitled to another hearing pursuant to Rule 20.1(i).