Dismissed and Memorandum Opinion filed July 24, 2008








Dismissed
and Memorandum Opinion filed July 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00167-CV

____________

 

IN THE INTEREST OF E.E.C., S.M.C.,
and V.C.

 

 

 



 

On Appeal from the 313th District
Court

Harris County, Texas

Trial Court Cause No.
2007-05399J

 



 

M E M O R
A N D U M   O P I N I O N

This
appeal is from a judgment signed January 22, 2008.  No clerk=s record has been filed.  The clerk
responsible for preparing the record in this appeal informed the court
appellant did not make arrangements to pay for the record.  

On June
12, 2008, notification was transmitted to all parties of the Court's intent to
dismiss the appeal for want of prosecution unless, within fifteen days,
appellant paid or made arrangements to pay for the record and provided this
court with proof of payment.  See Tex.
R. App. P. 37.3(b).  In response to our notice, appellant filed a
letter with an affidavit of indigence attached.  The State filed a motion to
strike or alternatively to contest the affidavit.








Rule 20 requires a party to file an affidavit of indigence
in the trial court with or before the notice of appeal.  Tex. R. App. P. 20(c)(1).  The
appellate court may grant an extension of time to file the affidavit if, within
15 days after the deadline for filing the affidavit, the party files in the
appellate court a proper motion.  Id. at 20(c)(3).  In Higgins v.
Randall County Sheriff=s Office, 193 S.W.3d 898
(Tex. 2006), the supreme court allowed a party to file an affidavit of
indigence 133 days after the filing of the notice of appeal.  However, a panel
of this court held that Higgins does not apply to appeals from the
termination of parental rights.  In re M.A., 222 S.W.3d 670, 671 (Tex.
App.BHouston [14th
Dist.] 2007, no pet.).  

Appellant=s affidavit of indigence had to be filed
with or before the notice of appeal unless a proper motion for extension was
filed in the appellate court within 15 days after the deadline.  The notice of
appeal was filed on February 21, 2008. Appellant did not file an affidavit of
indigence until May 30, 2008.  Thus, the affidavit of indigence was not timely
filed.  

Because
appellant has not provided this court with proof of payment for the record, we
order the appeal dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed July
24, 2008.

Panel consists of Justices Yates, Anderson, and Brown.