NO. 07-08-0350-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 11, 2008

_____

IN RE RUBIO ROBERTO MONTENEGRO, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Rubio Roberto Montenegro, an inmate proceeding pro se and in forma pauperis,[1] seeks a writ of mandamus to compel Caroline Woodburn, the Potter County District Clerk, to perform her ministerial duty regarding his notice to sue certain plaintiffs for wrongful imprisonment. He alleges, specifically, that she failed to endorse his petition with a file number, the date and time that it was filed, and affix her official signature thereto. We dismiss for want of jurisdiction.

---

[1]In response to this Court's letter requesting the fee for filing a petition for writ of mandamus, Relator filed his unsworn declaration of inability to pay substantially complying with Rule 20.1(b) of the Texas Rules of Appellate Procedure. *See Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899-900 (Tex. 2006).

This Court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2004). In order for a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex.App.–San Antonio 1998, no pet.). Relator has not demonstrated that the exercise of our mandamus authority against the Potter County District Clerk is appropriate to enforce our jurisdiction. Consequently, we have no authority to issue a writ of mandamus against the Potter County District Clerk.

Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.


Patrick A. Pirtle
Justice

2