IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00173-CV

 

Maurice Mitchell,

                                                                                    Appellant

 v.

 

Doug Dretke, et al.,

                                                                                    Appellees

 

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23,349

 



Order



 








            In a memorandum opinion issued on May
28, 2008, we dismissed Mitchell’s attempted interlocutory appeal of the trial
court’s denial of his motion for default judgment in this cause.  See
Mitchell v. Dretke, No. 10-08-00139-CV (Tex. App.—Waco May 28, 2008, no
pet. h.).  While Mitchell was commencing that interlocutory appeal, the trial
court dismissed his suit as frivolous on April 21, 2008.  Mitchell then filed a
notice of appeal of that dismissal on or about May 15, 2008, and it is docketed
as No. 10-08-00173-CV.

            Clerk’s Record

The clerk’s record in No. 10-08-00139-CV was filed
on May 6, 2008.  Upon our dismissal of No. 10-08-00139-CV and the receipt of
Mitchell’s May 15, 2008 notice of appeal, we re-filed that clerk’s record in
this appeal.  That clerk’s record, however, lacks any materials filed in the
trial court after April 29, 2008.  Accordingly, we will request a supplemental
clerk’s record.

Affidavit of Indigence

The $175 notice of appeal filing fee and the two $10
filing fees for Mitchell’s motion to dismiss and motion to expedite a ruling
are due.  See Tex. R. App. P. 5; Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998); see also
Tex. Gov’t Code Ann. § 51.207(b), § 51.941(a) (Vernon Supp. 2006).  Unless Mitchell obtains indigent status on appeal, the payment of
filing fees is required.  If Mitchell cannot pay the costs of this appeal and
these filing fees, he must have filed, or must promptly file, an affidavit of
indigence for costs of appeal in accordance with Texas Rule of Appellate
Procedure 20.1.  See Higgins v. Randall County Sheriff’s Office, 193
S.W.3d 898 (Tex. 2006); see also Higgins v. Randall County Sheriff’s Office,
257 S.W.3d 684, 688 (Tex. 2008) (“The purpose of Rule 20.1 is to permit
parties to proceed without paying filing fees if they are unable to do so, and
we have long interpreted the Rules of Appellate Procedure liberally in favor of
preserving appellate rights.”).

Mitchell has moved the Court to conditionally
dismiss this appeal and to expedite a ruling on that motion because he does not
want to be assessed costs of appeal.

Despite Mitchell’s filing of an affidavit of
indigence in the trial court with the filing of his original petition, the
trial court ordered the clerk to assess the $207.00 filing fee against Mitchell
in accordance with Government Code section 498.0045 and Civil Practice and
Remedies Code section 14.006.  The trial court also ordered payment of those
costs from Mitchell’s inmate trust account in accordance with section
14.006(b).  Because the trial court costs are being assessed against Mitchell,
his motions to dismiss and to expedite a ruling reflect his concern that
appellate costs will also be assessed against him.  If appellate costs are
going to be assessed against him and payment is to be ordered out of his inmate
trust account, Mitchell seeks voluntary dismissal of this appeal.  But because
we do not know if Mitchell filed an affidavit of indigence for appeal in the
trial court, and because we must give Mitchell a reasonable opportunity to cure
that defect if he has not filed an affidavit of indigence for appeal, we cannot
rule at this time on whether Mitchell is indigent for purposes of this appeal. 
See Higgins, 193 S.W.3d at 899-900; see also Tex. R. App. P. 20.1(c)(3) (“But the
court may not dismiss the appeal or affirm the trial court’s judgment on the
ground that the appellant has failed to file an affidavit or a sufficient
affidavit of indigence unless the court has first provided the appellant notice
of the deficiency and a reasonable time to remedy it.”) (eff. Sept. 1, 2008).

If Mitchell filed in the trial court an affidavit
of indigence for costs of this appeal along with his May 15 notice of appeal,
it (along with any other materials filed after April 29, 2008 in the trial
court) is not in the clerk’s record because of the timing of the preparation of
the clerk’s record in No. 10-08-00139-CV.  Accordingly, we make the following
orders:

1.      The clerk of the trial court shall, within 21 days
of the date of this order, file a supplemental clerk’s record containing all
materials in this cause filed after April 29, 2008.

2.      If an affidavit of indigence by Mitchell for this appeal
is not in the supplemental clerk’s record, Mitchell may file with us his
affidavit of indigence within 21 days of the filing of the supplemental clerk’s
record.  If Mitchell files his affidavit of indigence with us, we will use Rule
of Appellate Procedure 2 to implement recently amended Rule of Appellate
Procedure 20.1 (eff. September 1, 2008). 

3.      If Mitchell has not filed an affidavit of
indigence for appeal or does not timely file an affidavit of indigence for
appeal, and alternatively if the fees are not paid, this cause will be
presented to the Court for possible dismissal under Rule of Appellate Procedure
5.

 

                                                                                                PER
CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray does not join this order.)

Order issued and filed October
1, 2008

Do not publish