**Abatement Order filed April 12, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00248-CV

_____

### EDWARD PAUL CELESTINE, Appellant

### V.

### COURTYARD OF THREE FOUNTAINS ASSOCIATION AND KRJ MANAGEMENT, INC., Appellees

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1006812**

## A B A T E M E N T   O R D E R

This is an attempted appeal from a trial court order signed February 28, 2012. The notice of appeal was filed March 6, 2012. To date, the appellate filing fee of $175.00 has not been paid. On March 27, 2012, the court notified appellant that the filing fee was due. In response, appellant filed a motion complaining of the Harris County Clerk's contest to his affidavit of indigence. On March 28, 2012, a clerk's record was filed in this case. The record contains a pauper's affidavit and the county clerk's contest to the affidavit filed in the court below. The record does not contain a ruling on the county clerk's contest.

On March 27, 2012, notification was transmitted to all parties of this court's intention to dismiss the appeal unless, on or before April 6, 2012, appellant paid the $175 filing fee. *See* Tex. R. App. P. 42.3. On April 2, 2012, appellant filed an affidavit of indigence in this court.

Texas Rule of Appellate Procedure 20 governs the procedures to be followed in order to appeal without the advance payment of costs. Rule 20.1(a) requires an affidavit of indigence be filed in the trial court with or before the filing of the notice of appeal. Tex. R. App. P. 20.1(c). The clerk, court reporter, or any party may challenge the affidavit by filing a contest within ten days after the affidavit is filed in the trial court. Tex. R. App. P. 20.1(e).

Even if a party proceeded as a pauper in the trial court, a new affidavit of indigence must be filed in the trial court after judgment for purposes of appeal. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 758 (Tex. App.—Amarillo 1998, pet. denied). A free record will be provided on appeal only if an affidavit of inability to pay the cost of the appeal is filed under Texas Rule of Appellate Procedure 20 and the trial court finds the appeal is not frivolous and the record is necessary to decide the appeal. Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a). The party may then proceed without advance payment of costs if no contest is filed or the contest is not sustained by a written order. Tex. R. App. P. 20.1(a).

Appellant's motion does not comply with the procedural or substantive requirements of Rule 20. An appeal should not be dismissed for defects in procedure without allowing a reasonable to time correct the defects. Tex. R. App. P. 44.3; *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899(Tex. 2006). Accordingly, we issue the following order.

We order appellant to file an affidavit of indigence containing the information set forth in Texas Rule of Appellate Procedure 20 in the trial court on or before **April 27, 2012.** If no affidavit of indigence is filed in the trial court on or before April 27, 2012, the

appeal will be dismissed as stated in our notice of March 27, 2012. If appellant files a proper affidavit of indigence in the trial court he shall see that a supplemental clerk's record is filed in this court on or before **May 15, 2012**, containing the affidavit of indigence, any contest filed thereon, the trial court's ruling on any contest, and the trial court's finding as to whether the appeal is frivolous. If the supplemental clerk's record is not filed in this court on or before May 15, 2012, or appellant has not shown good cause for the delay in filing the supplemental clerk's record, the appeal will be dismissed.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket after this court has been notified that the trial court has ruled whether appellant may proceed without advance payment of costs. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.


PER CURIAM