**Motion Denied and Order filed December 14, 2012**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-12-00825-CV
_____

### JAMES CHARLES SMITH, Appellant

### V.

### PIONEER HOMES BUILDERS, INC., Appellee

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-57739**

### ORDER

This appeal is from a judgment signed August 28, 2012. The notice of appeal was filed August 31, 2012. To date, the appellate filing fee of $175.00 has not been paid. On September 20, 2012, the court notified appellant that the filing fee was due. On November 5, 2012, the Harris County District Clerk's office notified this court that appellant had not paid for preparation of the clerk's record and had not filed an affidavit of indigence. On November 6, 2012, notification was

transmitted to all parties of this court's intention to dismiss the appeal for want of prosecution unless, within fifteen days, appellant paid or made arrangements to pay for the record and provided this court with proof of payment. *See* TEX. R. APP. P. 37.3(b). On December 7, 2012, appellant filed a motion to proceed without payment of costs.[1]

Appellant's motion does not comply with the procedural or substantive requirements of Rule 20 and is therefore DENIED. *See* Tex. R. App. P. 20.1(b). However, we may not dismiss an appeal for defects in procedure without allowing a reasonable to time correct the defects or without giving the affiant an opportunity to amend his affidavit to correct substantive defects. Tex. R. App. P. 44.3; *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899 (Tex. 2006). Accordingly, we order appellant to correct the defects in compliance with Texas Rule of Appellate Procedure 20 **within fifteen days** of the date of this order. *See* Tex. R. App. P. 20.1(b). If appellant fails to timely comply in accordance with this order, the appeal will be dismissed.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.

---

[1] Even if a party proceeded as a pauper in the trial court, a new affidavit of indigence must be filed in the trial court after judgment for purposes of appeal. *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 758 (Tex. App.—Amarillo 1998, pet. denied). A free record will be provided on appeal only if an affidavit of inability to pay the cost of the appeal is filed under Texas Rule of Appellate Procedure 20 and the trial court finds the appeal is not frivolous and the record is necessary to decide the appeal. Tex. Civ. Prac. & Rem. Code Ann. § 13.003(a). The party may then proceed without advance payment of costs if no contest is filed or the contest is not sustained by a written order. Tex. R. App. P. 20.1.