In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-12-00468-CV
_____

## TRISHA WAKAT SHAFER, Appellant

## V.

## JACK NEWTON SHAFER, Appellee

**On Appeal from the 418th District Court**
**Montgomery County, Texas**
**Trial Cause No. 10-04-03653 CV**

## ORDER

On January 15, 2013, appellant, Trisha Wakat Shafer, filed a Motion for Determination of Inability to Pay Cost, which we read to include a motion for extension of time to file an affidavit of indigence. Notice of appeal was filed on October 2, 2012, and an affidavit of indigence was filed in the trial court on December 26, 2012. The affidavit was contested and the trial court sustained the contest on January 10, 3013. A record of the hearing on the contest has been filed with this Court.

The trial court sustained the contest because its plenary power over the case had expired and at the time of the hearing on the contest appellant had not obtained an

1

extension of time to file the affidavit of indigence. The trial court did not consider the merits of appellant's claim of indigence. When an appellant fails to seek indigent status in the manner required by the Rules of Appellate Procedure, the appeal cannot be dismissed without providing a reasonable time to correct the defect. *See* Tex. R. App. P. 20.1(c)(3); *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex. 2006).

It is, therefore, ORDERED that an extension of time for filing the declaration of indigence is GRANTED. *See* Tex. R. App. P. 20.1(c)(3). The appellee, the district clerk, and the court reporter previously filed contests, but the trial court did not reach the merits of the appellant's claim of indigence because appellant neither filed the affidavit with her notice of appeal nor obtained an extension of time. *See* Tex. R. App. P. 20.1(a)(2), (c)(1). We remand the case to the trial court for a determination of the appellant's indigence. *See* Tex. R. App. P. 20.1(i). The Rule provides that the trial court shall rule on the merits of the contest within ten days after the trial court receives this Order. *See* Tex. R. App. P. 20.1(i)(2)(B). If the trial court sustains the contest, appellant must file a motion seeking review of that order with this Court within ten days after the order sustaining the contest is filed. *See* Tex. R. App. P. 20.1(j). All other appellate timetables are suspended while the trial court has the case.

ORDER ENTERED January 31, 2013.

PER CURIAM

Before McKeithen, C.J., Gaultney and Horton, JJ.

2