COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



NOTICE TO TRIAL-COURT CLERK
REGARDING AFFIDAVIT OF INDIGENCE
FILED IN COURT OF APPEALS

Appellate case name:   Daryl Barnes and Demeatrice Goff v. National Housing Development Corporation, Colony LLC

Appellate case number:   01-15-00060-CV

Trial court:   129th District Court of Harris County

Trial court case number:   2012-34954

On March 23, 2015, appellant, Daryl Barnes and Demeatrice Goff filed in this Court an, Affidavit of Indigence. Appellant mistakenly filed the affidavit in this Court instead of in the trial court. *See* TEX. R. APP. P. 20.1(c)(1).

The affidavit is being sent to the trial-court clerk as an attachment to this notice. The trial-court clerk is instructed to note the date the affidavit is received in the trial court, but *file* the affidavit effective as of the date the affidavit was filed in this Court, March 23, 2015. *See* TEX. R. APP. P. 25.1(a). A copy of the affidavit is also on file with this Court.

The trial-court clerk must promptly send a copy of the affidavit to the appropriate court reporter. *See* TEX. R. APP. P. 20.1(d)(1). Any contest to the affidavit, including a claim that the affidavit was not timely filed, is due to be filed in the trial court ten days after the affidavit is *received* by the trial-court clerk. *See* TEX. R. APP. P. 20.1(e) (time for contest); *see also Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 899B900 (Tex. 2006) (holding untimely filed affidavit was nonetheless valid unless contest to affidavit is sustained by trial court); TEX. R. APP. P. 20.1(c)(1) (time for filing affidavit in appeal).

If no contest to the affidavit is filed, the trial-court clerk must promptly notify this Court. If a contest is filed, then the trial-court must promptly prepare, certify, and file in this Court a clerk's record containing the final judgment, notice of appeal, affidavit of indigence, contest(s) to the affidavit of indigence, the trial court's signed order extending the time for conducting a hearing on the contest (if any), the trial court's signed order sustaining the contest(s) to the affidavit of indigence, and any other documents directly related to the affidavit of indigence. *See* TEX. R. APP. P. 34.5(c)(1). If any party requests that hearing related to the contest be transcribed,

then the court reporter must promptly prepare, certify, and file in this Court a reporter's record containing all relevant documents relating to the contest. The trial-court clerk and/or reporter must file the required notice, record, or status report no later than May 5, 2015.

Clerk's signature: _____

Clerk of the Court

Date: March 24, 2015

ACCEPTED
01-15-00060-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/23/2015 5:13:40 PM
CHRISTOPHER PRINE
CLERK

Daryl Barnes
and
Demeatrice Goff
*Appellants,*
V

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/23/2015 5:13:40 PM
CHRISTOPHER A. PRINE
Clerk

Kevin Fulton And National Housing Development Corporation
*Appellees*

---

*· From The 129th Judicial District Court
Harris County, Texas .
Case No.2012-34954*

---

### Affidavit of Indigence

I, Daryl Barnes and Demeatrice Goff *Appellants affirm the following,*

1. We have filed notice of appeal in the case described above.

2. We can not pay the following amount of court costs in this appeal, which includes the $175 filing fee, the $10 or $15 filing fee for each motion I may file, the trial clerks fee for the clerks record, and the court reporters fee for the reporters record, if any: 0

3. The nature and amount of Demeatrice Goffs current employment income is 0 Daryl Barnes is unemployed and receive no government benefits or entitlements

4. The nature and amount of Demeatrice Goffs current government-entitlement income is [describe in detail]. 698.00 in disability per month

5. The nature and amount of our current income, other than that described in my answers to 3 and 4 above, is 0

6. The income of my spouse is Daryl Barnes is the spouse of Demeatrice Goff

8. I own the following personal property: none

9. I have the following amount of cash: 0

10. I have the following amounts of funds on deposit that I may withdraw.0

11. I have the following assets, other than those described in my answers to 3 through 10 above: . 0

12. We have 1 dependant our 14 year old daughter we are the parents

13. The nature and amount of my debts are [describe in detail]. 0

14. The nature and amount of my monthly expenses are. rent ,transportation,etc
    Rent..................... $200
    Transportation......... $125
    · Food....................$140
    Phone...................$100
    School & toiletries ....$50-60
    Laundry...............$45-50
15. My ability to obtain a loan for court costs is.0

16. An attorney is not providing free legal services to me without a contingent fee.

17. An attorney has not agreed to pay or advance court costs.

18. If the trial-court proceedings were recorded electronically I have the skills and access to equipment necessary to prepare the appendix required by Texas Rule of Appellate Procedure 38.5(d).


Demeatrice Goff                                    /s/Demeatrice Goff


Daryl Barnes

## Certificate of Oath or Affirmation

On this date, I administered the above oath or affirmation from the person named above. I am a *Secretary of State Notary Public* and am authorized to administer an oath or affirmation pursuant to Texas Government Code section 602.002, 602.003, 602.004, or 602.005. If I have a seal of office that I am required by law to affix to documents when administering an oath or affirmation, then I have included an original impression of my official seal below.



**Felicia Wright**
Notary Public,
State of Texas
Expires: 02/26/2019

[Signature of person administering oath or affirmation]

*3/23/2015*

[Date]

[original impression of official seal, of person administering oath or affirmation]