NO. 07-08-0254-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 22, 2008

______________________________


EMILIO CHAVEZ, JR., APPELLANT

V.

JENNY GLOBAL, LTD ET AL., APPELLEE


_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-541,676; HONORABLE RUBEN REYES, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, Emilio Chavez, Jr., an inmate proceeding pro se, filed a notice of appeal
challenging the trial courtâs order of dismissal for want of prosecution in his action against
Appellee, Jenny Global, Ltd, et al. By letter dated June 11, 2008, Chavez was notified that,
among other things, a filing fee of $175 had not been paid, noting that failure to do so
within ten days could result in dismissal pursuant to Rule 42.3(c). No fee having been
received within the deadline, by letter dated June 24, 2008, Chavez was again advised of
the outstanding filing fee and the consequences of failing to pay. He was also given the
opportunity to, in lieu of paying the filing fee, file an affidavit of indigence on or before July
15, 2008. See Tex. R. App. P. 44.3. See also Higgins v. Randall County Sheriffâs Office,
193 S.W.3d 898 (Tex. 2006) (holding that a court of appeals can dismiss an appeal for
noncompliance only after allowing a reasonable time to correct a defect). Despite two
notices and a reasonable time in which to comply with this Courtâs request, Chavez has
failed to respond. Consequently, this Court is authorized to dismiss this appeal.
Â Â Â Â Â Â Â Â Â Â On July 16, 2008, the District Clerk of Lubbock County filed a request for an
extension of time in which to file the clerkâs record specifying that Chavez had not
submitted a written designation for the record nor had he made arrangements to pay. Our
disposition of this appeal renders the clerkâs request moot.
Â Â Â Â Â Â Â Â Â Â Accordingly, the appeal is dismissed.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice









Id
. Second, considering all of the evidence, both for and against the verdict, the
contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could
not have been met. Id. at 484-85. As appellate courts are not allowed to find facts or
substitute its judgment for that of the jury, an appellate court's determination that the
evidence is factually insufficient to support the verdict requires reversal of the judgment and
remand for a new trial. Id. at 482. 

 In a factual sufficiency review, we are required to consider the most important
evidence that the appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d
600, 603 (Tex.Crim.App. 2003).

 Appellant contends that his trial testimony established that he killed Moreno in self-defense and that this evidence is so strong that the jury could not have convicted him of
murder beyond a reasonable doubt. We disagree. Appellant testified that Moreno stabbed
him in the leg while they were fighting and, after he had been wounded, he took the knife
away from Moreno and stabbed her once or twice in the chest and once in the side. 
Appellant testified that he and Moreno then went into another room, without the knife,
where the fight continued. Eventually, appellant and Moreno returned to the first room
where Moreno again grabbed the knife. (2) Appellant testified that, because of how he was
situated at this time, he could not retreat from Moreno. Appellant was, however, able to
take the knife away from Moreno, but Moreno continued to hit him with her fists. Appellant
testified that he waited for an opportunity to get inside of her arms and, when he was able
to do so, he stabbed Moreno in the chest. Appellant admitted that he stabbed Moreno at
least nine times. At the time that appellant fatally stabbed Moreno, he had possession of
the knife and, thus, the jury could have reasonably concluded that appellant's belief that
the use of deadly force was immediately necessary was unreasonable. See TPC § 9.32; 
Hayes, 728 S.W.2d at 808. Consequently, appellant's testimony provided sufficient
evidence to support the jury's verdict and does not establish that appellant's use of deadly
force was justified such that confidence in the verdict is undermined. 

 Having carefully reviewed all of the evidence in the proper light, we conclude that
evidence supporting the jury's verdict and implied rejection of appellant's defense is
factually sufficient to support appellant's conviction for murder beyond a reasonable doubt. 
See Zuniga, 144 S.W.3d at 484-85. We overrule appellant's issue.

 Having found the evidence factually sufficient to support the jury's verdict, we affirm
the judgment of the trial court.


 Mackey K. Hancock

 Justice





Do not publish. 

1. Further reference to sections of the Penal Code will be by reference to "TPC Â§ __."
2. Appellant's trial testimony conflicts with the written statement that he gave the
police after the incident. In his statement, appellant indicated that he picked up the knife
and started stabbing Moreno when he and Moreno reentered the kitchen. The jury was
free to accept appellant's written statement and reject his trial testimony. See Cain v. State,
958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). However, in analyzing appellant's most
important evidence, we will assume that appellant's trial testimony was accurate.