NO. 07-08-0432-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 24, 2008

_____

IN RE JOSEPH H. NORTON, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Joseph H. Norton, seeks a writ of mandamus to compel the Honorable Ron Enns, Judge of the 69th District Court, to respond to motions pending in his court regarding DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure.  Relator has also filed a Motion to Proceed in Forma Pauperis in which he additionally requests appointment of new counsel.  We grant in part and deny in part the motion to proceed in forma pauperis.  Furthermore, for reasons expressed herein, we deny Relator's petition for writ of mandamus.

**Motion to Proceed In Forma Pauperis**

Although the motion lacks details required by Rule 20.1(b) of the Texas Rules of Appellate Procedure, we nevertheless find the motion "adequate to fulfill the fundamental purpose of Rule 20.1" and grant the motion to the extent that Relator may proceed in this Court without payment of fees. *See Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008). *See also Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898, 900 (Tex. 2006).

**Request for Appointment of Counsel**

The limited record before us indicates that Relator was appointed counsel to pursue his motion for DNA testing and nothing suggests that counsel has been permitted to withdraw. Even assuming that Relator is not presently represented by counsel, although the question of whether and whom to appoint as substitute counsel is a matter we normally abate back to the trial court for consideration, in light of our disposition of Relator's petition for writ of mandamus and in the interest of judicial economy, we deny that portion of the motion requesting appointment of new counsel.

**Procedural Background**

According to Relator's petition for writ of mandamus and items included in the appendix thereto, he was convicted in 1993 for murder. On February 11, 2005, the trial court signed an order granting his motion for DNA testing. By letter dated May 8, 2007,

2

Judge Enns notified Relator that the special prosecutor and appointed counsel had agreed on a basic format for conducting the DNA test. He further wrote, "I WILL defer ruling on your pending motions until I hear from your counsel." A copy of a letter dated January 9, 2008, from Relator to Judge Enns is included in the appendix to the petition for writ of mandamus. In that letter, Relator conveys his frustration about the delay in DNA testing granted by court order in 2005 and requests Judge Enns to appoint him new counsel. Finally, he urges Judge Enns to "at least take the appropriate time & effort to see that the aforementioned DNA Testing be finally carried out as expeditiously & professionally as possible . . . ." Relator does not discuss any pending motions, only four or five letters and documentation to Judge Enns reflecting his frustration and the fact that his correspondence has not been acknowledged.

## Mandamus Standard of Review

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must (1) show that he has no adequate remedy at law to redress the alleged harm and (2) the act sought to be compelled is ministerial and does not involve a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). Additionally, a relator must

satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

When a motion is properly pending before a trial court, the act of considering and ruling upon it is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding).

Additionally, the party seeking relief has the burden to provide a sufficient record to establish entitlement to mandamus relief. *Walker*, 827 S.W.2d at 837. The record must show that the motion was presented to the trial court and that it refused to act. *See generally In re Villareal*, 96 S.W.3d 708, 710 n.2 (Tex.App.–Amarillo 2003, orig. proceeding) (filing something with the trial court clerk does not demonstrate that a motion was presented to the trial court). *See also In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding).

## Discussion

Notwithstanding Judge Enn's letter to Relator that he will "defer ruling" on pending motions and Relator's prayer that we compel the trial court "to respond to his motions

4

currently before it, and or to put into motion the warrant necessary to move [relator] to its jurisdiction for testing," the record before us does not contain certified or sworn copies of any motions pending before Judge Enns. *See* Tex. R. App. P. 52.3(j)(1)(A). The record does contain copies of "Defendant's Motion for DNA Testing" and "Defendant's Amended Motion for DNA Testing," which the trial court granted in 2005. Appendix item J is a copy of Relator's "Request for Appointment of Counsel Persuant [sic] to Article 64.01(c) Code of Criminal Procedure." A date of "3-31-08" is noted beside Relator's signature. The document, however, is not file-stamped by the trial court clerk.

Except for a reference in Judge Enn's May 8, 2007 letter to Relator providing that he will defer ruling on pending motions, Relator has not satisfied his burden to provide a sufficient record demonstrating that properly filed motions were presented to the trial court and have awaited disposition for an unreasonable length of time. Neither has Relator demonstrated that the trial court has abused its discretion or violated a duty imposed by law.

Consequently, Relator's petition for writ of mandamus is denied.


Patrick A. Pirtle
Justice


5