**Appeal Reinstated and Order filed November 29, 2011.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

———————

## NO. 14-11-00532-CV

———————

**JOHNNY Q. CLAWSON, JR., Appellant**

**V.**

**CROSBY INEPENDENT SCHOOL DISTRICT, Appellee**

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-59608**

## O R D E R

This is an appeal from a judgment signed September 7, 2011. Appellant filed a premature notice of appeal on June 13, 2011. *See* Tex. R. App. P. 27.1(a). Appellant also filed an affidavit of indigence on June 23, 2011. *See* Tex. R. App. P. 20.1; *Higgins v. Randall Cnty. Sheriff's Office*, 193 S.W.3d 898, 899 (Tex. 2006) (noting that affidavit of indigence is no longer jurisdictional and is not required to be filed with the notice of appeal). On June 30, 2011, the Harris County District Clerk filed a contest to appellant's affidavit of inability to pay costs. The official court reporter, Jani Maselli, advised this court that there is no reporter's record from an indigency hearing or any other underlying

proceedings.  On August 8, 2011, the Harris County District Clerk's office advised this court that the trial court sustained the County's contest to appellant's affidavit.  Appellant requested that we review the trial court's ruling sustaining the contest to his affidavit of indigence.

On September 8, 2011, this court abated the appeal and ordered a partial record on indigence pursuant to *In re Arroyo,* 988 S.W.2d 737, 738-39 (Tex. 1998).  A partial clerk's record has been filed.  The clerk's record on indigence contains only an *unsigned* order on the contest.

Texas Rule of Appellate Procedure 20.1 governs the procedure to be followed when a party seeks to appeal without the advance payment of costs.  Rule 20.1(i) provides that the trial court must either conduct a hearing or sign an order extending the time to conduct a hearing within ten days after the contest was filed.  Tex. R. App. P. 20.1(i)(2).  The time for conducted a hearing must not be extended for more than 20 days from the date the order extending the hearing is signed.  Tex. R. App. P. 20.1(i)(3).  If the trial court has not signed an order sustaining the contest within the period set for the hearing, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs.  Tex. R. App. P. 20.1(i)(4).

In this case, the District Clerk's office acknowledged in correspondence to this court that the file contains only a docket entry that the contest was sustained. Accordingly, we issue the following order:

Because no signed order sustaining the contest has been filed, the allegations in appellant's affidavit of indigence are deemed true and appellant is allowed to proceed without the advance payment of costs.  *See* Tex. R. App. P. 20.1(i)(4); *Jamilah v. Washington Mut. Bank, F.A.*, No. 14-06-00013-CV, 2007 WL 925783, *1 (Tex. App.—Houston [14th Dist.] Mar. 29, 2007, no pet.) (mem. op.).

The appeal is ordered **REINSTATED.** The Harris County District Clerk is ordered to file a complete clerk's record in this appeal, containing the contents required by Texas Rule of Civil Procedure 34.5(a) on or before **December 16, 2011**.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.